ROBBINS ARROYO LLP
BRIAN J. ROBBINS (190264)
CRAIG W. SMITH (164886)
JENNY L. DIXON (192638)
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991
brobbins@robbinsarroyo.com
csmith@robbinsarroyo.com
jdixon@robbinsarroyo.com

Attorneys for Plaintiff

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WARREN DRABEK, Derivatively on Behalf of DYNAVAX TECHNOLOGIES CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> DINO DINA, J. TYLER MARTIN, DENISE M. GILBERT, ARNOLD L. ORONSKY, PEGGY V. PHILLIPS, DENNIS A. CARSON, STANLEY A. PLOTKIN, FRANCIS R. CANO, and DANIEL L. KISNER, <br><br> Defendants, <br><br> - and - <br><br> DYNAVAX TECHNOLOGIES CORPORATION, a Delaware corporation, <br><br> Nominal Defendant. | Case No.  3:13-cv-03705-CRB <br><br> NOTICE OF SETTLEMENT AND STIPULATION TO EXTEND STAY <br><br><br><br><br><br><br><br><br><br><br><br><br><br> Date Action Filed:  August 9, 2013 |

1    Plaintiff Warren Drabek, by and through his respective counsel ("Plaintiff"), and defendants

2    Arnold L. Oronsky, Francis R. Cano, Dennis A. Carson, Dino Dina, Denise M. Gilbert, Daniel L.

3    Kisner, J. Tyler Martin, Peggy V. Phillips, Stanley A. Plotkin (the "Individual Defendants") and

4    Nominal Defendant Dynavax Technologies Corporation ("Dynavax" or the "Company"), by and

5    through their respective counsel (collectively, "Defendants" and together with Plaintiff, the

6    "Parties"), hereby stipulate and agree as follows:

7    WHEREAS, on May 15, 2015, the Parties to this consolidated shareholder derivative action

8    (the "Federal Derivative Action") entered into a stipulation: (i) deferring all proceedings and

9    continuing all response dates in the Federal Derivative Action pending final resolution of the action

10   styled *In re Dynavax Securities Litigation*, Case No. 3:13-cv-02796-CRB (N.D. Cal.) (the "Federal

11   Securities Action"); and (ii) sharing discovery generated in the Federal Securities Action, if any,

12   with Plaintiff;

13   WHEREAS, on May 19, 2015, pursuant to the Parties' stipulation, this Court entered an

14   order: (i) continuing the stay of the Federal Derivative Action; and (ii) continuing the agreement

15   regarding the production of discovery in the Federal Securities Action;

16   WHEREAS, following months of negotiations between Defendants, Plaintiff, plaintiff in the

17   related action pending in the California Superior Court, County of Alameda (the "State Court")

18   *Truglio v. Oronsky*, No. RG13686266 (the "State Derivative Action") (collectively with the Federal

19   Derivative Action, the "Derivative Actions"), and a demand stockholder (the "Demand Plaintiff"),

20   the parties reached an agreement on the essential terms of an agreement-in-principal to resolve the

21   Derivative Actions;

22   WHEREAS, on August 16, 2017, the parties to the Derivative Actions and Demand Plaintiff

23   entered into the Second Amended Stipulation of Settlement, attached hereto as Exhibit 1;

24   WHEREAS, on August 21, 2017, the Order Preliminarily Approving Settlement and

25   Providing for Notice was entered in the State Derivative Action, attached hereto as Exhibit 2, which

26   set October 17, 2017, as the date for the final settlement approval hearing;

27   NOW, THEREFORE, it is hereby stipulated and agreed by and between the Parties, through

28   their respective counsel of record, that:

- 1 -

1        1.      All proceedings in this Federal Derivative Action shall be stayed pending entry of the

2   judgment in the State Derivative Action approving the settlement.

3        2.      If the State Court does not approve the settlement, then the Parties shall, within 14

4   calendar days following notice of entry of an order denying final approval of the settlement by the

5   State Court, file a joint statement informing this Court of the status of the settlement, proposing next

6   steps, and if appropriate, recommending a status conference with the Court.

7        3.      The stay of this Federal Derivative Action may be lifted upon motion of any party or

8   by stipulation of the parties, or as otherwise ordered by this Court.

9        **IT IS SO STIPULATED**.

10  DATED: September 8, 2017                    ROBBINS ARROYO LLP
                                                BRIAN J. ROBBINS
11                                              CRAIG W. SMITH
                                                JENNY L. DIXON
12

13
                                                        /s/ Jenny L. Dixon
14                                                     JENNY L. DIXON

15                                              600 B Street, Suite 1900
                                                San Diego, CA 92101
16                                              Telephone: (619) 525-3990
                                                Facsimile: (619) 525-3991
17                                              brobbins@robbinsarroyo.com
                                                csmith@robbinsarroyo.com
18                                              jdixon@robbinsarroyo.com
19
                                                RM CLASS LAW, P.C.
20                                              RICHARD A. MANISKAS
                                                1055 Westlakes Dr., Suite 3112
21                                              Berwyn, PA 19312
                                                Telephone: (484) 324-6800
22                                              rmaniskas@rmclasslaw.com

23
                                                *Attorneys for Plaintiff*
24

25

26

27

28

1  DATED: September 8, 2017

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
JEFFREY M. KABAN


_____/s/ Jeffrey M. Kaban_____
JEFFREY M. KABAN

3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5222
Facsimile: (650) 849-7400
jkaban@cooley.com

RYAN E. BLAIR (246724)
(rblair@cooley.com)
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone:     (858) 550-6000
Facsimile:      (858) 550-6420

KATHLYN A. QUERUBIN (275085)
(kquerubin@cooley.com)
101 California Street
Fifth Floor
San Francisco, CA 94111-5800
Telephone:     (415) 693-2000
Facsimile:      (415) 693-2222

*Attorneys for Individual Defendants and
Nominal Defendant*

## ATTESTATION (CIVIL LOCAL RULE 5-1(i)(3))

In compliance with Local Rule 5-1(i)(3), I certify that the content of the document is acceptable to all persons required to sign said document by obtaining either physical signatures or authorization for the electronic signatures of all parties on the document.


DATED: September 8, 2017

_____/s/ Jenny L. Dixon_____
JENNY L. DIXON

- 3 -

1

*…*…*

2

**PURSUANT TO THE STIPULATION, IT IS SO ORDERED.**

3

4

DATED: _____

5

HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

1205948

28

- 4 -

# EXHIBIT 1

1  Robert S. Green (State Bar No. 136183)
   James Robert Noblin (State Bar No. 114442)
2  Lesley E. Weaver (State Bar No. 191305)
   **GREEN & NOBLIN, P.C.**
3  700 E. Larkspur Landing Circle, Ste. 275
   Larkspur, CA 94939
4  Telephone: (415) 477-6700
   Facsimile: (415) 477-6710
5
   Attorneys for Plaintiff Carol Truglio
6
   [*Additional Counsel on Signature Page*]
7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                           COUNTY OF ALAMEDA

10 CAROL TRUGLIO, Derivatively on Behalf     ) Case No. RG13686266
   of DYNAVAX TECHNOLOGIES CORP.,            )
11                                           )
                       Plaintiff,            )
12         v.                                )
                                             ) **SECOND AMENDED STIPULATION OF**
13 ARNOLD L. ORONSKY, FRANCIS R.             ) **SETTLEMENT**
   CANO, DENNIS A CARSON, DINO               )
14 DINA, DENISE M. GILBERT, EDDIE            )
   GRAY, DANIEL L. KISNER, J. TYLER          )
15 MARTIN, PEGGY V. PHILLIPS, MARK           )
   KESSEL, AND STANLEY A. PLOTKIN,           )
16                                           )
                       Defendants,           )
17        -and-                              )
                                             )
18 DYNAVAX TECHNOLOGIES                      )
   CORPORATION,                              )
19                                           )
                  Nominal Defendant.         )
20                                           ) Date Action Filed: July 3, 2013
21 ─────────────────────────────────────────
22

23

24

25

26

27

28 ─────────────────────────────────────────

1    This Second Amended Stipulation of Settlement, dated August 16, 2017, which amends the

2    Amended Stipulation of Settlement dated July 25, 2017, and the Stipulation of Settlement dated

3    May 19, 2017 (the "Stipulation"), is made and entered into by and among the following Settling

4    Parties,[1] each by and through their respective counsel:  (i) Plaintiffs Carol Truglio (the "State

5    Plaintiff"), on behalf of herself and derivatively on behalf of Dynavax Technologies Corporation

6    ("Dynavax" or the "Company"); (ii) Plaintiff Warren Drabek (the "Federal Plaintiff"), on behalf of

7    himself and derivatively on behalf of Dynavax; (iii) demand stockholder Raymond Hersh

8    ("Demand Plaintiff"), on behalf of himself and derivatively on behalf of Dynavax; (iv) the

9    Individual Defendants; and (v) nominal defendant Dynavax.  This Stipulation is intended by the

10   Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon

11   and subject to the terms and conditions hereof.

12   **I.    FACTUAL BACKGROUND**

13       **A.    Procedural History**

14       Dynavax is a clinical stage immunotherapy company focused on leveraging the power of the

15   body's innate and adaptive immune responses through toll-like receptor stimulation.  One of its

16   current product candidates, HEPLISAV-B, is being investigated as an adult vaccine for hepatitis B.

17   In Phase 3 trials, HEPLISAV-B showed higher and earlier protection with fewer doses than a

18   currently licensed vaccine.

19       Between April 26, 2012 and June 10, 2013 (the "Relevant Time Period"), Dynavax issued a

20   series of press releases and statements to analysts and investors regarding HEPLISAV-B.  On

21   November 15, 2012, Dynavax publicly announced that the U.S. Food and Drug Administration

22   ("FDA") Vaccines and Related Biological Products Advisory Committee voted eight to five with

23   one abstention that there was insufficient data to adequately support the safety for HEPLISAV-B.

24   On February 25, 2013, Dynavax announced it had received a Complete Response letter from the

25   FDA regarding HEPLISAV-B and that the FDA specified that the indication in adults 18-70 years

26

27   [1] All capitalized terms not otherwise defined are defined in Section IV.1.

28

1   of age could not be approved without further evaluation of safety. However, the FDA indicated its

2   willingness to continue discussions regarding a more restricted use of HEPLISAV-B. The FDA

3   also requested additional data from Dynavax's process validation program and clarifying

4   information on the manufacturing controls and facilities related to the assurance of the quality of the

5   commercial product. On June 10, 2013, Dynavax announced that it had met with the FDA and that

6   the FDA was going to require additional safety data for HEPLISAV-B regardless of the indication.

7   Dynavax also announced that it would meet with the FDA regarding the protocol for collecting

8   additional safety data.

9   　　　Shortly thereafter, on June 18, 2013, the first of two class action lawsuits were filed against

10   Dynavax and certain current or former officers for violations of Sections 10(b) and 20A of the

11   Securities Exchange Act of 1934 and U.S. Securities and Exchange Commission ("SEC") Rule

12   10b-5 promulgated thereunder for purported false and misleading statements regarding HEPLISAV.

13   The two federal securities class actions, filed in the U.S. District Court for the Northern District of

14   California (the "Federal Court"), were consolidated and assigned to the Honorable Charles R.

15   Breyer and captioned *In re: Dynavax Technologies Corporation Securities Litigation*, Case No.

16   3:13-cv-02796-CRB (the "Securities Class Action").[2]

17   　　　On July 3, 2013, the first of two derivative actions, *Truglio v. Oronsky*, Alameda Case

18   No. RG13686266 (the "Action"), was filed in this Court. The Action was brought on behalf of the

19   Company against certain Dynavax officers and directors seeking to remedy the Individual

20   Defendants' alleged violations of state law, including breaches of fiduciary duty, gross

21   mismanagement, abuse of control, waste of corporate assets, unjust enrichment, contribution and

22   indemnification and insider selling. The Action alleged, among other things, that the Individual

23   Defendants failed to publicly disclose material information concerning the true status of

24   HEPLISAV, including that the clinical trial for HEPLISAV was flawed because: (1) the trial

25

26   [2] On February 6, 2017, the Federal Court approved the settlement of the Securities Class Action

27   and entered a Final Judgment and Order of Dismissal.

28

1  demographics were not representative of the population of the United States; (2) the trial lacked a

2  one-year safety follow-up typically required for vaccines; (3) the trial lacked information

3  concerning concomitant use with other vaccines; and (4) the safety database size was inadequate to

4  rule out rare adverse autoimmune events given the novel adjuvant that the HEPLISAV vaccine

5  contains.  The Action also alleged that Dynavax failed to provide the FDA with sufficient data

6  concerning its manufacturing processes and controls for HEPLISAV on its Biologics License

7  Application ("BLA") and based upon the above, the Individual Defendants had no reasonable basis

8  for the positive statements they made or allowed to be made about the Company or its outlook,

9  including statements about the launch of HEPLISAV in 2013. The Action alleged that as a result of

10  the foregoing, Dynavax was damaged.

11       On August 23, 2013, the Court entered an order on the parties' stipulation that stayed the

12  Action pending resolution of the motion to dismiss in the Securities Class Action.

13       A second derivative action arising out of substantially the same facts and circumstances as

14  this Action, *Drabek v. Dina*, Case No. 13CV3705, was filed on August 9, 2013 in the Federal Court

15  (the "Federal Derivative Action").  On October 8, 2013, the Federal Derivative Action was deemed

16  related to the Securities Class Action.  Subsequently, on October 17, 2013, the Federal Court

17  entered an order staying the Federal Derivative Action pending resolution of the motion to dismiss

18  the Securities Class Action, and provided the Federal Plaintiff the right to obtain copies of all

19  documents, written responses to discovery requests, deposition transcripts, and agreements

20  regarding the scope of discovery.

21       On February 20, 2015, the Federal Court granted in part and denied in part the motion to

22  dismiss the Securities Class Action.  This order effectively lifted the stay in this Action and the

23  parties met and conferred and agreed to continue the stay of this Action.  On May 8, 2015, the

24  parties filed a second Stipulation and Proposed Order to Stay the Action (the "Second Stipulation")

25  requesting that the Court continue the stay of this Action in its entirety pending the final resolution

26  of the Securities Class Action.  The Second Stipulation also reflected the parties' agreement that

27  Defendants would provide the State Plaintiff with any formal or informal discovery produced in the

28

1    Securities Class Action in an effort to avoid duplicative discovery.  On May 12, 2015, this Court

2    entered an order approving the Second Stipulation.

3          On May 18, 2015, Raymond Hersh, a current owner of Dynavax common stock, issued a

4    stockholder demand pursuant to Delaware law (the "Stockholder Demand") to investigate the

5    alleged breaches of fiduciary duties and other violations of law described herein and to "recover

6    from each [Individual Defendant] damages […] for the benefit of the Company."  The investigation

7    was stayed pending the outcome of the Securities Class Action.[3]

8          Discovery generated in the related Securities Class Action was provided to the State and

9    Federal Plaintiffs between August 2015 and May 2016, subject to a confidentiality agreement.

10   Defendants have provided and the State and Federal Plaintiffs reviewed the production, which

11   includes, *inter alia*: formal communications with the FDA and committees thereof regarding

12   Dynavax's BLA for HEPLISAV; communications with the FDA regarding the size of the safety

13   database and the proposed labelling and packaging inserts; and internal documents regarding

14   manufacturing.  Defendants also provided Board of Directors ("Board") minutes and other Board

15   materials concerning communications with the FDA regarding HEPLISAV during the Relevant

16   Time Period.  Defendants have produced and Plaintiffs have reviewed and analyzed approximately

17   5,100 pages of documents.

18   **B.    Settlement Efforts**

19         In early October 2015, the State and Federal Plaintiffs each served a settlement demand.

20   These demands proposed, among other things, comprehensive corporate governance reforms

21   designed to address Defendants' alleged breach of fiduciary duties, as well as structural reforms

22   designed to improve the independence and rigor of Board and committee oversight of core

23   operations.  The Demand Plaintiff issued a separate settlement demand on May 26, 2016.

24

25

26   [3] The Action, the Federal Derivative Action and the Stockholder Demand all assert that the
     Individual Defendants breached their fiduciary duties and engaged in other alleged wrongdoing
27   based on conduct occurring between April 26, 2012 and June 10, 2013.

28

- 4 -

1    On July 29, 2016, counsel for Defendants presented a global written counter-offer in

2    response to the three settlement demands, which allowed the parties to commence substantive and

3    coordinated settlement discussions.  Following the receipt of Defendants' July 29, 2016 global

4    settlement counter-offer, Plaintiffs worked cooperatively and responded to the Defendants' counter-

5    offer with a single, unified response, which was sent to Defendants on September 8, 2016.  In the

6    course of the vigorous negotiations that followed, the Settling Parties exchanged multiple drafts of

7    proposed corporate governance reforms during October and November of 2016 and participated in

8    numerous telephonic discussions in an effort to reach a settlement.

9    On November 29, 2016, the Settling Parties reached an agreement on the essential terms of

10   an agreement-in-principle to resolve the Derivative Actions.  Following the agreement on the

11   essential terms of the settlement, the Settling Parties began negotiating Plaintiffs' Counsels'

12   attorneys' fees.  These separate attorney fee negotiations began in December 2016 and culminated

13   in the agreement reflected herein on February 27, 2017.

14   As a result of the Derivative Actions and Settlement reflected in this Stipulation, Dynavax

15   will implement corporate governance reforms and refinements designed to improve the information

16   flow to and effectiveness of the Dynavax Board and its Audit Committee and to enhance the

17   Company's Insider Trading Policy.  The reforms and refinements are detailed in Exhibit A hereto

18   and are collectively referred to as the "Corporate Governance Reforms" or the "Reforms."

19   These Reforms include measures that: (i) require the Company to maintain a management-

20   level Disclosure Committee tasked with reviewing the effectiveness of disclosure controls and

21   procedures designed to ensure the accuracy of the Company's public statements, reviewing certain

22   public statements, and if necessary, recommending corrections or clarifications, meeting at least

23   annually with the Audit Committee and/or full Board, and ensuring that the Company's Board

24   and/or Audit Committee is timely informed of all material communications with the FDA;

25   (ii) amend the Audit Committee charter to include a minimum number of meetings per year,

26   meeting at least twice in executive session with the Company's external auditors, and other

27   provisions related to oversight of the Company's disclosure controls, including mandatory reporting

28

regarding the Disclosure Committee's work and meetings with the Disclosure Committee as the Audit Committee deems necessary and appropriate; (iii) enhance reporting to the Board regarding any pending compliance issues with the FDA and/or other regulatory agencies and developments in clinical trials; (iv) require that Dynavax's insider trading policy be amended as necessary to require (a) the appointment of a trading compliance officer, and (b) provide for a window for insiders and pre-approval of all stock sales by Section 16 officers and directors and Rule 10b5-1 trading plans; (v) require publication of the Company's Insider Trading Policy and Scientific Code of Conduct on the Company's website; and (vi) require publication of the Company's whistleblower hotline on its website and reporting by the Company's General Counsel semi-annually to the Board regarding any whistleblower complaints. *See* Exhibit A.

The Settling Parties believe that a settlement at this juncture on the terms and on the conditions set forth in this Stipulation is fair, reasonable, and adequate. In addition, the Dynavax Board has, in the exercise of its business judgment, formally approved the Settlement and each of its terms, as fair, just, and adequate, and in the best interests of Dynavax and its shareholders.

## II.   PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Plaintiffs believe that the Derivative Actions have substantial merit, and Plaintiffs' entry into this Stipulation and Settlement is not intended to be and shall not be construed as an admission or concession concerning the relative strength or merit of the claims alleged in the Derivative Actions. Plaintiffs and their counsel also acknowledge the significant risk, expense, and length of continued proceedings necessary to prosecute the Derivative Actions against the Defendants through trial and through possible appeals. Plaintiffs' Counsel have also taken into account the substantial risks, costs, and delays involved in complex shareholder derivative litigation, generally, as well as the unique challenges presented by the Derivative Actions, including establishing that demand on the Board would be futile and the exculpation and indemnification rights afforded the director Defendants pursuant to Delaware General Corporate Law §102(b)(7).

Plaintiffs' Counsel have conducted an extensive investigation, including: (i) reviewing Dynavax's press releases, public statements, SEC filings, and securities analysts' reports and

- 6 -

advisories about the Company; (ii) reviewing media reports about the Company; (iii) researching the applicable law with respect to the claims alleged in the Derivative Actions and the potential defenses thereto; (iv) reviewing publicly available materials regarding the Company's clinical trials for HEPLISAV-B; (v) preparing and filing derivative complaints and/or shareholder demands pursuant to Delaware law; (vi) conducting damages analyses; (vii) participating in informal conferences with Defendants' Counsel regarding the specific facts of the cases, the perceived strengths and weaknesses of the cases, and other issues in an effort to facilitate negotiations and fact gathering; (viii) reviewing and analyzing relevant documents in the Securities Class Action and evaluating the merits of, and the Defendants' potential liability in connection with, the Securities Class Action; (ix) researching corporate governance "best practices" relevant to Dynavax's industry; and (xi) reviewing and analyzing documents produced by Dynavax, including, *inter alia*, (a) formal communications with the FDA and committees thereof regarding amendments to and approval of Dynavax's BLA for HEPLISAV-B, (b) communications with the FDA regarding concerns over the size of the safety database and the proposed labelling and packaging inserts, (c) internal documents regarding manufacturing issues and inspections, and (d) Board minutes and other Board materials during the Relevant Time Period.

Based on Plaintiffs' Counsel's thorough review and analysis of the relevant facts and the circumstances, allegations, defenses, and controlling legal principles, Plaintiffs' Counsel have determined that the Settlement set forth in this Stipulation is fair, reasonable, and adequate, and confers substantial benefits upon Dynavax and its shareholders. Based on their evaluation, Plaintiffs and their counsel believe that the Settlement is in the best interests of Dynavax and its shareholders and have agreed to settle the Derivative Actions upon the terms and subject to the conditions set forth herein.

## III.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims, contentions, and allegations made against them or that could have been made against them in the Derivative Actions, and believe the Derivative Actions have no merit. The Individual Defendants expressly assert that

they have satisfied their fiduciary duties and have acted in good faith and in the best interest of Dynavax and its shareholders at all relevant times. Defendants have entered into this Stipulation to avoid the continuing expense, inconvenience, and distraction of the Derivative Actions, as well as the risks and uncertainties inherent in the lawsuits. Nevertheless, Defendants have determined that it is desirable and beneficial that the Derivative Actions be settled in the manner and upon the terms and conditions set forth in this Stipulation because, among other things, it will allow the Company to conclude this litigation on terms that are just and reasonable, including the adoption and maintenance of the Reforms set forth in Exhibit A. Further, Dynavax, through its Board, acknowledges that the Settlement confers substantial benefits on the Company and its shareholders and is fair, reasonable, and adequate, and in the best interest of Dynavax and its shareholders.

Neither this Stipulation, nor any of its terms or provisions, nor entry of the Judgment, nor any document or exhibit referred or attached to this Stipulation, nor any action taken to carry out this Stipulation, is, may be construed as, or may be used as evidence of the validity of any of the Released Claims or an admission by or against Defendants of any fault, wrongdoing, or concession of liability whatsoever.

## IV.   TERMS OF STIPULATION AND SETTLEMENT AGREEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the undersigned counsel for the Settling Parties herein, in consideration of the benefits flowing to the Settling Parties from the Settlement, and subject to the approval of the Court, that the claims asserted in the Derivative Actions and the Released Claims shall be fully, finally, and forever compromised, settled, and released, and the Judgment shall have full preclusive effect as to all Settling Parties, upon and subject to the terms and conditions of this Stipulation, as set forth below.

### 1.   Definitions

As used in this Stipulation the following terms have the meanings specified below:

1.1.   "Board" means the Dynavax Board of Directors.

1.2.   "Court" means the Superior Court of the State of California, County of Alameda.

1.3. "Current Dynavax Shareholders" means any Person who owned Dynavax common stock as of the date of the execution of this Stipulation and continuing through the Settlement Hearing Date, excluding the Individual Defendants, the officers and directors of Dynavax, members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which Individual Defendants have or had a controlling interest.

1.4. "Defendants" means, collectively, Dynavax and the Individual Defendants.

1.5. "Defendants' Counsel" means Cooley LLP.

1.6. "Derivative Actions" refer to this Action, the Federal Derivative Action, and the Stockholder Demand.

1.7. "Dynavax" or the "Company" means nominal defendant Dynavax Technologies Corporation, a Delaware corporation, and its affiliates, subsidiaries, predecessors, successors, and assigns.

1.8. "Effective Date" means the first business day after the events and conditions specified in paragraph 6.1 of this Stipulation have been met and have occurred.

1.9. "Final" means the date upon which the last of the following shall occur with respect to the Judgment approving this Stipulation, substantially in the form of Exhibit E attached hereto: (i) the expiration of the time to file a notice of appeal from the Judgment; or (ii) if an appeal has been filed, the Court of Appeal has either affirmed the Judgment or dismissed such appeal and the time for any reconsideration or further appellate review has passed; or (iii) if a higher court has granted further appellate review, that court has either affirmed the underlying Judgment or affirmed the Court of Appeal's decision affirming the Judgment or dismissing the appeal. Any appeal or proceeding seeking judicial review pertaining solely to the Court's award of attorneys' fees, costs or expenses shall not in any way delay or preclude the Judgment from becoming Final or affect the time set forth above for the Judgment to become Final.

1.10. "Individual Defendants" means, collectively: Arnold L. Oronsky, Francis R. Cano, Dennis A. Carson, Dino Dina, Denise M. Gilbert, Eddie Gray, Daniel L. Kisner, J. Tyler Martin, Peggy V. Phillips, Mark Kessel, and Stanley A. Plotkin.

1    1.11.   "Judgment" means the Order and Judgment of Final Approval to be rendered by the

2  Court, substantially in the form attached hereto as Exhibit E.

3    1.12.   "Notice" means the Notice of Proposed Settlement and Settlement Hearing,

4  substantially in the form attached hereto as Exhibit C.

5    1.13.   "Person" means an individual, corporation, limited liability corporation, professional

6  corporation, partnership, limited partnership, limited liability partnership, association, joint stock

7  company, estate, legal representative, trust, unincorporated association, government or any political

8  subdivision or agency thereof, and any business or legal entity and their spouses, heirs,

9  predecessors, successors, representatives, or assignees.

10    1.14.   "Plaintiffs" means, collectively: (i) State Plaintiff Carol Truglio; (ii) Federal Plaintiff

11  Warren Drabek; and (iii) Demand Plaintiff Raymond Hersh and their respective agents,

12  representatives, spouses, marital communities, heirs, successors, subrogees, transferees, and

13  assignees.

14    1.15.   "Plaintiffs' Counsel" means (i) Federman & Sherwood; (ii) Robbins Arroyo LLP;

15  and (iii) The Shuman Law Firm.

16    1.16.   "Preliminary Approval Order" means the order to be entered by the Court,

17  substantially in the form attached hereto as Exhibit B, which preliminarily approves the terms and

18  conditions of the Settlement as set forth in this Stipulation, directing that Notice be provided to

19  Current Dynavax Shareholders, and scheduling a Settlement Hearing to consider whether the

20  Settlement and the proposed attorneys' fees and expenses amount as set forth in paragraph 4.1

21  should be finally approved.

22    1.17.   "Related Persons" means: (i) with regard to each Individual Defendant, the

23  Individual Defendant's spouses, marital communities, immediate family members, heirs, executors,

24  personal representatives, estates, administrators, trusts, predecessors, successors, and assigns or

25  other individual or entity in which any Individual Defendant has a controlling interest, and each and

26  all of their respective past and present officers, directors, employees, agents, affiliates, parents,

27  subsidiaries, divisions, attorneys, accountants, auditors, advisors, insurers, co-insurers, re-insurers,

28

- 10 -

1   heirs, executors, personal representatives, estates, administrators, trusts, predecessors, and assigns;

2   and (ii) with regard to Dynavax, all past or present agents, officers, directors, attorneys,

3   accountants, auditors, advisors, insurers, co-insurers, reinsurers, partners, controlling shareholders,

4   joint venturers, related or affiliated entities, advisors, employees, affiliates, predecessors, parents,

5   subsidiaries, insurers, and assigns for Dynavax.

6       1.18.   "Released Claims" means any and all actions, suits, claims, debts, rights, liabilities,

7   and causes of action, whether under federal, state, local, statutory, common law, foreign law, or any

8   other law, rule or regulation, including both known and Unknown Claims, that were asserted or

9   could have been asserted by any shareholder on behalf of Dynavax, or by Dynavax, against any

10   Released Person that arose out of or related to: (i) the allegations asserted in the Derivative Actions

11   or the matters and occurrences that were alleged in the Derivative Actions; or (ii) the institution,

12   prosecution, assertion, Settlement, defense, or resolution of the Derivative Actions, except for any

13   claims to enforce the Settlement.   "Released Claims" does not include the claims asserted in the

14   Verified Second Amended Shareholder Derivative Complaint filed in the action entitled *Ian*

15   *MacDonald v. Oronsky et al.*, Superior Court of the State of California, Alameda County, Case No.

16   RG17850330.

17       1.19.   "Released Persons" means each and all of Dynavax, the Individual Defendants, and

18   their Related Persons.

19       1.20.   "Releasing Persons" means each and all of Plaintiffs (individually, collectively, and

20   derivatively on behalf of Dynavax), all other Current Dynavax Shareholders, Plaintiffs' Counsel,

21   and Dynavax.

22       1.21.   "Settlement" means the settlement and compromise of the Derivative Actions as

23   provided for herein.

24       1.22.   "Settlement Hearing" means the hearing or hearings at which the Court will review

25   the adequacy, fairness, and reasonableness of the Settlement.

26

27

28

1.23.  "Settling Party," individually, or "Settling Parties," collectively, means Plaintiffs (on behalf of themselves, individually and collectively, and derivatively on behalf of Dynavax) and Defendants.

1.24.  "Summary Notice" means the Summary Notice of Proposed Settlement and Settlement Hearing, substantially in the form of the attached hereto as Exhibit D.

1.25.  "Unknown Claims" means any Released Claims which any of Plaintiffs or Dynavax, do not know of or suspect to exist in his, her, or its favor at the time of the release of the Released Persons. With respect to any and all Released Claims, the Settling Parties agree that upon the Effective Date, the Settling Parties expressly waive the provisions, rights, and benefits conferred by or under California Civil Code section 1542, or any other law of the United States or any state or territory of the United States, or foreign jurisdiction, or principle of common law, which is similar, comparable, or equivalent to section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Settling Parties acknowledge that they may hereafter discover facts in addition to or different from those now known or believed to be true by them, with respect to the subject matter of the Released Claims, but it is the intention of the Settling Parties to completely, fully, finally, and forever compromise, settle, release, discharge, and extinguish any and all Released Claims, known or unknown, suspect or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, hidden or concealed, which do now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts.  The Settling Parties acknowledge that the foregoing waiver was separately bargained for and is a key element of this Stipulation of which this release is a part.

**2.     Terms of the Settlement**

2.1     As a direct result of the filing, prosecution, and settlement of the Derivative Actions, Dynavax has agreed to adopt and implement the Corporate Governance Reforms attached as

1    Exhibit A within ninety (90) days of the Court entering Judgment dismissing the Action with

2    prejudice and the Federal Court's issuance of an order dismissing the Federal Derivative Action

3    with prejudice and to maintain the Reforms in Exhibit A for not less than three (3) years, unless

4    abrogated by law.  The Dynavax Board, or appropriate committees thereof, shall also take all other

5    actions required herein by the times specified herein.  The Board acknowledges and agrees that

6    Plaintiffs' prosecution of the Derivative Actions was the primary factor in Dynavax's decision to

7    adopt, implement, and/or maintain the Reforms set forth in Exhibit A and that the Settlement

8    confers substantial benefits upon Dynavax and its shareholders.

9        **3.**     **Approval and Notice**

10       3.1     Promptly after execution of this Stipulation, Plaintiffs shall submit this Stipulation

11   together with its exhibits to the Court and shall apply for entry of an order (the "Preliminary

12   Approval Order"), substantially in the form of Exhibit B attached hereto, requesting:

13   (i) preliminary approval of the Settlement set forth in this Stipulation; (ii) approval of the form and

14   manner of providing notice of the Settlement to Current Dynavax Shareholders; and (iii) a date for

15   the Settlement Hearing.

16       3.2     Notice to Current Dynavax Shareholders shall consist of the Notice of Proposed

17   Settlement and Settlement Hearing ("Notice") and Summary Notice of Proposed Settlement and

18   Settlement Hearing ("Summary Notice"), which includes the general terms of the Settlement set

19   forth in this Stipulation and the date of the Settlement Hearing, substantially in the forms attached

20   hereto as Exhibits C and D, respectively.  Within ten (10) business days after the entry of the

21   Preliminary Approval Order: (i) Dynavax shall cause the Summary Notice to be published once in

22   the *Investor's Business Daily*; (ii) Plaintiffs' Counsel shall each post copies of the Notice and

23   Stipulation on their respective websites; (iii) Dynavax shall post a link to the Notice and Stipulation

24   on the Company's Investor Relations page of its website until the Judgment is entered; and

25   (iv) Dynavax shall file a Form 8-K with the SEC that includes the Notice, which shall refer

26   shareholders to the Investor Relations page of Dynavax's website for more information; and (v)

27   Plaintiffs' Counsel shall each issue a press release publishing the Notice via a news wire service.

28

3.3     Dynavax shall undertake the administrative responsibility for giving notice to Current Dynavax Shareholders and shall be solely responsible for paying the costs and expenses related to providing such notice to its shareholders, except as set forth in paragraph 3.2(ii) and (v). If additional notice is required by the Court, then the cost and administration of such additional notice will be borne solely by Dynavax.

3.4     The Settling Parties believe the content and manner of the notice, as set forth in herein, constitutes adequate and reasonable notice to Current Dynavax Shareholders pursuant to applicable law and due process.  No later than fourteen (14) calendar days prior to the Settlement Hearing, Defendants' Counsel shall file with the Court and serve an appropriate affidavit or declaration with respect to filing and posting the Stipulation, Notice, and Summary Notice, and Plaintiffs' Counsel shall file with the Court and service an appropriate affidavit or declaration with respect to posting the Notice and Stipulation.

3.5     Within five (5) calendar days of the execution of this Stipulation, the parties to the Federal Derivative Action shall jointly: (i) notify the Federal Court of this Stipulation and the Settlement; and (ii) request that the Federal Court continue the stay of all proceedings in the Federal Derivative Action pending the entry of Judgment by the Court.

3.6     Within five (5) calendar days after entry by the Court of the Judgment approving the Settlement, the parties to the Federal Derivative Action shall jointly apply to the Federal Court for a dismissal with prejudice of the Federal Derivative Action, and shall use their reasonable best efforts to take, or cause to be taken, all actions, and to do, or cause to be done, all things reasonably necessary, proper, or advisable under applicable laws, regulations, and agreements to secure such dismissal with prejudice.

3.7     Pending the Court's determination as to final approval of the Settlement, Plaintiffs and the Releasing Persons are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of: (i) any action asserting any Released Claim against any of the Released Persons; and/or (ii) all claims arising out of, relating to, or in

1  connection with the institution, prosecution, assertion, settlement, or resolution of the Derivative

2  Actions or the Released Claims.

3  **4.      Attorneys' Fees and Reimbursement of Expenses**

4      4.1      After negotiating the Corporate Governance Reforms, counsel for Plaintiffs and

5  Dynavax separately negotiated the attorneys' fees and expenses to be paid to Plaintiffs' Counsel.

6  As a result of these negotiations, and in light of the substantial benefits conferred upon Dynavax by

7  the Settlement, Dynavax's Board agrees to instruct Defendants' insurers to pay the agreed-upon

8  sum of $925,000, subject to the Court's approval.

9      4.2      Within ten (10) business days after the later of (1) the issuance of the Judgment by

10  the Court finally approving the Settlement, or (2) the receipt by Defendants' Counsel of payment

11  instructions and a Form W-9 providing the tax identification number for Federman & Sherwood,

12  Dynavax's insurers shall pay the attorneys' fees and expenses, as approved by the Court, to

13  Federman & Sherwood as receiving agent for Plaintiffs' Counsel.   The attorneys' fees and

14  expenses, as approved by the Court, shall constitute final and complete payment for all Plaintiffs'

15  Counsel's fees and expenses that have been incurred or will be incurred in connection with the

16  Derivative Actions.

17      4.3      Plaintiffs' Counsel has informed Defendants that the State Plaintiff and Federal

18  Plaintiff may apply for Court approval of service awards in the amount of $1,500 for each Plaintiff

19  (the "Service Awards"), in light of the benefits they have helped to create for Dynavax and Current

20  Dynavax Shareholders.  The Service Awards, to the extent that they are applied for and approved by

21  the Court in whole or in part, shall be funded solely from the amount of attorneys' fees and

22  expenses approved by the Court and any application for the Service Awards shall not increase the

23  amount of attorneys' fees and expenses applied for by Plaintiffs or awarded by the Court.

24  Defendants agree to take no position with respect to such Service Awards.

25      4.4      In the event that the Judgment fails to become Final as defined in paragraph 1.9

26  herein, then Plaintiffs' Counsel shall repay to Dynavax the attorneys' fees and expenses approved

27  by the Court that were previously paid within fifteen (15) business days of receiving notice from

28

Defendants' Counsel or from a court of appropriate jurisdiction. Plaintiffs' Counsel, as a condition of receiving any part of the attorneys' fees and expenses approved by the Court, on behalf of themselves and each partner and/or shareholder of them, agrees that Plaintiffs' Counsel and their partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

4.5     Defendants have no responsibility for, and no liability whatsoever with respect to, the allocation among Plaintiffs' Counsel and/or to any other person who may assert some claim thereto, of the fees and expenses paid on behalf of Dynavax to Plaintiffs' Counsel. Plaintiffs' Counsel shall allocate the fee and expense amount in a manner that they agree fairly reflects the relative contribution of each to the institution, prosecution, and resolution of the Derivative Actions.

4.6     Except as expressly provided herein, Plaintiffs and Plaintiffs' Counsel shall bear their own fees, costs, and expenses, and Defendants shall not assert any claim for expenses, costs, and fees against Plaintiffs.

4.7     Any order or proceeding relating to attorneys' fees, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect or delay the Effective Date or the effectiveness or finality of the Judgment and the release of the Released Claims. The finality of the Settlement shall not be conditioned on any ruling by the Court concerning Plaintiffs' Counsel's application for attorneys' fees and expenses.

**5.     Releases**

5.1     Upon the Effective Date, the Releasing Persons shall be deemed to have fully, finally, and forever released, relinquished, and discharged the Released Claims (including Unknown Claims) against the Released Persons. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of this Stipulation or the Judgment.

5.2     Except as set forth in paragraph 5.3 below, upon the Effective Date, each of the Released Persons shall be deemed to have fully, finally, and forever released, relinquished, and discharged Plaintiffs, Plaintiffs' Counsel, and Dynavax from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion,

settlement, or resolution of the Derivative Actions or the Released Claims.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of this Stipulation or the Judgment.

5.3     Nothing in this Stipulation or in paragraph 5.2 above constitutes or reflects a waiver or release of any rights or claims of Defendants against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives, including, but not limited to, any rights or claims of Defendants under any directors' and officers' liability insurance or other applicable insurance coverage maintained by the Company.  Nothing in this Stipulation or in paragraph 5.2 above constitutes or reflects a waiver or release of any rights or claims of the Individual Defendants relating in any way to indemnification, whether under any written indemnification or advancement agreement, or under the Company's charter, by-laws, or under applicable law.

**6.      Conditions of Settlement; Effect of Disapproval, Cancellation, or Termination**

6.1     The Effective Date of this Stipulation shall be conditioned on the occurrence of all of the following events:

a.      Court entry of the Preliminary Approval Order;

b.      Court approval of the method of providing the Notice and Summary Notice of this Stipulation and proposed Settlement to Current Dynavax Shareholders;

c.      Court approval of the Notice and Summary Notice, attached hereto as Exhibits C and D, respectively;

d.      final approval of the Settlement by the Court following notice to Current Dynavax Shareholders and the Settlement Hearing contemplated by this Stipulation;

e.      Court entry of the Judgment, in all material respects in the form set forth as Exhibit E annexed hereto, approving the Settlement, without awarding costs to any party, except as provided herein;

f.      the payment of the attorneys' fees and expenses as approved by the Court;

g.    the Federal Court's issuance of an order dismissing the Federal Derivative Action with prejudice; and

h.    the passing of the date upon which the Judgment becomes Final.

6.2    If for any reason the Effective Date of this Stipulation does not occur, or if this Stipulation is in any way canceled, terminated, or fails to become Final in accordance with its terms, and if counsel for the Settling Parties do not otherwise mutually agree in writing to proceed with this Stipulation: (i) all Settling Parties and Released Persons shall be restored to their respective positions prior to execution of this Stipulation; (ii) all releases delivered in connection with this Stipulation shall be null and void, except as otherwise provided for in this Stipulation; (iii) the fee and expenses approved by the Court that were previously paid to Plaintiffs' Counsel shall be refunded and returned within fifteen (15) business days of said event; and (iv) all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by a Settling Party of any act, matter, or proposition, and shall not be used in any manner for any purpose in any subsequent proceeding in the Derivative Actions or in any other action or proceeding.  In such event, the terms and provisions of this Stipulation shall have no further force and effect with respect to the Settling Parties and shall not be used in the Derivative Actions or in any other proceeding for any purpose.

**7.    Miscellaneous Provisions**

7.1    The Settling Parties: (i) acknowledge that it is their intent to consummate this Stipulation; and (ii) agree to act in good faith and cooperate to take all reasonable and necessary steps to expeditiously implement the terms and conditions of this Stipulation.

7.2    In the event that any part of the Settlement is found to be unlawful, void, unconscionable, or against public policy by a court of competent jurisdiction, the remaining terms and conditions of the Settlement shall remain intact.

7.3    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Derivative Actions.  The Settlement comprises claims

- 18 -

1   that are contested and shall not be deemed an admission by any Settling Party as to the merits of any

2   claim, allegation, or defense.  The Settling Parties and their respective counsel agree that at all times

3   during the course of the litigation, each has complied with the requirements of the applicable laws

4   and rules of the Court, including, without limitation, sections 128.5 and 128.7 of the California

5   Code of Civil Procedure.

6       7.4     The Court shall retain jurisdiction with respect to implementation and enforcement

7   of the terms of this Stipulation, and the Settling Parties and their counsel submit to the jurisdiction

8   of the Court solely for purposes of implementing and enforcing the Settlement embodied in this

9   Stipulation.

10      7.5     Each of the Individual Defendants expressly denies and continues to deny all

11  allegations of wrongdoing or liability against himself or herself arising out of any conduct,

12  statements, acts, or omissions alleged, or which could have been alleged, in the Derivative Actions.

13  Neither this Stipulation nor the Settlement shall be deemed to prejudice in any way the respective

14  positions of the Settling Parties with respect to the Derivative Actions, shall not be deemed a

15  presumption, a concession, or admission by any of the Settling Parties of any fault, liability, or

16  wrongdoing as to any facts, claims, or defenses that have been or might have been alleged or

17  asserted in the Derivative Actions or with respect to any of the claims settled in the Derivative

18  Actions, or any other action or proceeding, and shall not be interpreted, construed, deemed,

19  invoked, offered, or received in evidence or otherwise used by any person in the Derivative Actions,

20  or in any other action or proceeding, whether civil, criminal, or administrative.  The Released

21  Persons may file this Stipulation and/or the Judgment in any action that may be brought against

22  them in order to support a defense or counterclaim based on principles of *res judicata*, collateral

23  estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction, or

24  any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.  The

25  Settling Parties may also file this Stipulation and documents executed pursuant and in furtherance

26  thereto in any action to enforce the Settlement and/or the Judgment.

27

28

- 19 -
STIPULATION OF SETTLEMENT

7.6     This Stipulation may be modified or amended only by a writing signed by the signatories hereto.

7.7     This Stipulation shall be deemed drafted equally by all Settling Parties hereto.

7.8     No representations, warranties, or inducements have been made to any of the Settling Parties concerning this Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

7.9     This Stipulation and the Settlement shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties and Released Persons.

7.10    Each counsel or other Person executing this Stipulation or its exhibits on behalf of any of the Settling Parties hereby warrants that such Person has the full authority to do so.

7.11    The exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

7.12    This Stipulation and the exhibits attached hereto constitute the entire agreement among the Settling Parties with respect to the subject matter hereof and supersede all prior and contemporaneous oral and written agreements and discussions.

7.13    In the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit hereto, the terms of this Stipulation shall prevail.

7.14    This Stipulation may be executed in one or more counterparts, including by signature transmitted by facsimile or e-mailed PDF files.  Each counterpart, when so executed, shall be deemed to be an original, and all such counterparts together shall constitute the same instrument.

7.15    Any captions, headings, sub-headings, or titles used in this Stipulation are for the purpose of reference only, and shall not be construed as terms of this Stipulation or to have any other legal force, meaning, or effect.

7.16    This Stipulation shall be considered to have been negotiated, executed, and delivered, and to be wholly performed in the State of California, and the rights and obligations of the Settling Parties shall be construed and enforced in accordance with, and governed by, the

STIPULATION OF SETTLEMENT

1  internal, substantive laws of the State of California without giving effect to that State's choice of

2  law principles.

3

4

5  DATED: August __10__, 2017

CAROL TRUGLIO

7  Plaintiff Carol Truglio Individually and
   Derivatively on Behalf of Dynavax Technologies
8  Corporation

9  DATED: August __10__, 2017

FEDERMAN & SHERWOOD
10  WILLIAM B. FEDERMAN

11

WILLIAM B. FEDERMAN

13  10205 North Pennsylvania Avenue
   Oklahoma City, Oklahoma 73120
14  Telephone: 405.235.1560
   Fax: 405.239.2112

15

16  *Counsel for Plaintiff Carol Truglio*

17  DATED: August __11__, 2017

WARREN DRABEK

18

19  Plaintiff Warren Drabek Individually and
   Derivatively on Behalf of Dynavax Technologies
20  Corporation

21  DATED: August __11__, 2017

ROBBINS ARROYO LLP
   BRIAN J. ROBBINS
22  CRAIG W. SMITH
   JENNY L. DIXON

23

24

CRAIG W. SMITH
25  600 B Street, Suite 1900
   San Diego, CA 92101
26  Telephone: (619) 525-3990
   Facsimile: (619) 525-3991

27  *Counsel for Plaintiff Warren Drabek*

28

- 21 -

STIPULATION OF SETTLEMENT

DATED: August __11__, 2017

_____
RAYMOND HERSH

Stockholder Demand Plaintiff Raymond Hersh

DATED: August __11__, 2017

THE SHUMAN LAW FIRM
**KIP B. SHUMAN**

_____
KIP B. SHUMAN

Post-Montgomery Center
One Montgomery Street, Ste. 1800
San Francisco, CA 94104
Telephone: (303) 861-3003
Facsimile: (303) 484-4886

RUSTY E. GLENN
THE SHUMAN LAW FIRM
600 17th Street, Suite 2800 South
Denver, CO 80202
Telephone: (303) 861-3003
Facsimile: (303) 484-4886

*Counsel for stockholder Demand Plaintiff
Raymond Hersh*

DATED: August __11__, 2017

_____
ARNOLD L. ORONSKY

Individual Defendant

DATED: August __14__, 2017

_____
FRANCIS R. CANO

Individual Defendant

DATED: August __11__, 2017

_____
DENNIS A. CARSON

Individual Defendant

- 22 -

STIPULATION OF SETTLEMENT

1   DATED: August ___, 2017

2

3                                         DINO DINA

Individual Defendant

4   DATED: August 11, 2017

5

6                                  DENISE M. GILBERT

Individual Defendant

7

8   DATED: August 11, 2017

9                                    EDDIE GRAY

10                  Individual Defendant

11  DATED: August 11, 2017

12

13                              DANIEL L. KISNER

14                  Individual Defendant

15  DATED: August 10, 2017

16                              J. TYLER MARTIN

17                  Individual Defendant

18  DATED: August 16, 2017

19            Peggy V. Phillips / JL with permission

                                PEGGY V. PHILLIPS

20                  Individual Defendant

21  DATED: August 10, 2017

22

23                              MARK KESSEL

24                  Individual Defendant

25  DATED: August 11, 2017

26

27                              STANLEY A. PLOTKIN

28                  Individual Defendant

- 23 -

1   DATED: August _10_, 2017

2

3                                                   /STEVEN N. GERSTEN

4   Vice President, General Counsel, and duly
    authorized representative for Nominal Defendant
5   Dynavax Technologies Corporation

6   DATED: August _11_, 2017

    COOLEY LLP
7   JOHN C. DWYER

8                                      J L  with permission
                                      JOHN C. DWYER

9

10  3175 Hanover Street
    Palo Alto, CA 94304
11  Telephone: (650) 843-5228
    Facsimile: (650) 849-7400

12  *Counsel for Individual Defendants and Nominal
    Defendant*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 24 -
STIPULATION OF SETTLEMENT

# EXHIBIT A

## CORPORATE GOVERNANCE AND OVERSIGHT REFORMS

Within ninety days of the issuance of an order in the State Derivative Action approving the settlement of the Actions and the issuance of an order or notice of voluntary dismissal dismissing the Federal Derivative Action with prejudice, the Board of Directors (the "Board") of Dynavax Technologies Corporation ("Dynavax" or the "Company") shall adopt resolutions and amend appropriate committee charters, as needed, to implement and ensure adherence to the following Corporate Governance Reforms (the "Reforms") for a period of not less than three years from the date they are implemented.

## I.    DISCLOSURE COMMITTEE

The Company shall maintain a Disclosure Committee comprised of three (3) executives from finance, legal, regulatory affairs, and executives or senior employees with scientific backgrounds who are involved in clinical development, regulatory affairs and/or manufacturing. The Disclosure Committee shall support the work of the executives primarily responsible for the Company's disclosures, including the Chief Executive Officer ("CEO"), Chief Financial Officer ("CFO"), and General Counsel ("GC"), and shall, if called upon, provide assistance directly to the Board's Audit Committee.  The Disclosure Committee's specific responsibilities shall be formalized in a written charter and shall include:

1.    reviewing the effectiveness of the Company's disclosure controls and procedures as of the end of each fiscal year (as defined in Rule 13a-15(e) of the Securities Exchange Act of 1934, as amended) ("Disclosure Controls and Procedures"), with the Audit Committee and the Company's external auditors, if the Audit Committee deems necessary, and providing an annual report to the full Board regarding the integrity and effectiveness of the Company's disclosure controls;

2.    reviewing the materiality of information and events relating to or affecting the Company and reviewing the timing and appropriate method of disclosure of information deemed material or otherwise warranting disclosure;

3.    ensuring that the Board of Directors or the Audit Committee is timely informed of all material communications (oral and written) with the FDA;

4.    reviewing in advance the Company's quarterly-earnings press releases and related materials, such as scripts, prepared remarks or other materials prepared for use on securities analyst teleconferences, shareholder meetings, or other public communications subject to Regulation FD, to ensure the accuracy and adequacy of the disclosures included therein;

5.    reviewing in advance each Form 10-K, Form 10-Q and proxy report filed by the Company with the SEC, to determine the accuracy and adequacy of the disclosures included therein;

6.    reporting to the CEO, CFO, GC, and/or Audit Committee before each quarterly-earnings press release and related material, Form 10-K, Form 10-Q or proxy statement is finalized regarding the Disclosure Committee's deliberations, activities, and disclosure recommendations;

7.      reviewing transcripts of all quarterly earnings teleconferences shortly after they are made and recommending to appropriate individuals at the Company corrections or clarifications as may be necessary and appropriate to ensure the adequacy and accuracy of the disclosures;

8.      reporting to the Audit Committee on any clarifications or corrections to public statements that were recommended by the Disclosure Committee, the action taken in regard to each recommendation, and for each recommendation not followed, the reason(s) for not following that recommendation;

9.      meeting at least annually with either the Board of Directors or the Audit Committee to discuss any concerns regarding disclosure issues and controls; and

10.     maintaining the records of the Disclosure Committee's review of and recommendations regarding the Company's public disclosures for not less than three (3) years following each filing.

## II.     AUDIT COMMITTEE CHARTER ENHANCEMENTS

The Audit Committee Charter shall be amended to require the following:

1.      the Audit Committee shall meet not less than four times each year.

2.      at least two Audit Committee meetings each year shall include representatives from the Company's external audit firm, and during those meetings the Audit Committee will meet in executive session with the external audit firm outside of the presence of the Company's senior executives;

3.      the Audit Committee shall review and approve the Disclosure Committee Charter and any proposed changes to that charter;

4.      the Audit Committee shall require the Disclosure Committee to report, consistent with the Disclosure Committee's charter, to the Audit Committee regarding the Disclosure Committee's work;

5.      the Audit Committee shall meet with representatives of the Disclosure Committee as the Audit Committee deems necessary and appropriate to review significant disclosure issues arising from the Company's clinical development, regulatory affairs, and/or manufacturing operations;

6.      management shall make available to each member of the Audit Committee a copy (electronic or hardcopy) of each earnings press release and/or Form 10-K or Form 10-Q sufficiently in advance of its dissemination to the public to permit the Audit Committee a meaningful opportunity to review and comment on the proposed disclosures; and

7.      the Audit Committee shall review in advance and approve any proposed disclosure to be made in connection with certification of the Company's quarterly and annual reports filed with the SEC regarding: (1) significant deficiencies and material weaknesses in the

design or operation of internal control over financial reporting which are reasonably likely to adversely affect the Company's ability to record, process, summarize, and report financial data; and (2) any fraud, whether or not material, that involves management or other employees who have a significant role in the Company's internal control over financial reporting.

## III.   ENHANCED REPORTING TO THE BOARD

1.     The GC, the Chief Medical Officer ("CMO"), and/or the Vice President of Regulatory Affairs ("VPRA") shall timely report to and update the Board of Directors regarding (i) any pending compliance issues raised by the FDA or other regulatory agencies that fall under their respective purviews; (ii) any developments in clinical trials, including significant new data or regulator comments on clinical trial design, efficacy or safety data, that could significantly change the timing or probability of regulatory approval of drugs or biologics under development.

2.     In addition, upon the request of the GC, CMO, VPRA, or the independent members of the Board of Directors, the independent members of the Board shall meet in executive session, with the GC, CMO, and/or VPRA to review the following matters:

(a)     GC: The independent members of the Board shall review with the GC any concerns, including any whistle blower issues, reports of management wrongdoing, pending or threatened litigation, and such other matters that the GC or independent board members identify;

(b)     CMO and/or VPRA: The independent members of the Board shall review with the CMO and the VPRA any concerns, including any pending compliance issues raised by the FDA or other regulatory agencies that fall under the CMO or VPRA's purview, potential or actual issues concerning the status of ongoing or planned clinical trials or drug or biologic approvals, and the effectiveness of the Company's policies, procedures, systems and controls designed to ensure regulatory compliance.

## IV.   INSIDER TRADING POLICY

Dynavax shall publish the Company's Insider Trading Policy on its website. Dynavax shall revise its Insider Trading Policy as necessary to include the following:

1.     The Board shall appoint Dynavax's CFO, GC or another senior officer to serve as the Company's "Trading Compliance Officer." The Trading Compliance Officer shall be responsible for overseeing compliance with the Insider Trading Policy, and reviewing the policy on an annual basis and updating it as needed, with Board or Audit Committee approval. Oversight of the Trading Compliance Officer's transactions in Company securities as required under the Policy shall be performed by the CFO or GC.

2.     Pursuant to the Insider Trading Policy, Company employees and other individuals subject to the Policy are prohibited from trading in the Company's securities while in possession of material nonpublic information, or from tipping others with respect to such information. The Insider Trading Policy shall impose Blackout Periods surrounding the announcement of the Company's quarterly and annual earnings during which those subject to the policy are prohibited from trading, and the Trading Compliance Officer shall have the ability to impose additional

Blackout Periods in his or her sole discretion, for example, in anticipation of a material announcement or development in the approval process before the FDA.

3.      All stock sales by Section 16 officers and directors must be pre-approved before any trade occurs, unless the sales are made pursuant to a pre-approved trading plan adopted pursuant to SEC Rule 10b5-1. A SEC Rule 10b5-1 plan must be approved by the Trading Compliance Officer and must meet the requirements of SEC Rule 10b5-1.

4.      All officers and members of the Board shall be prohibited from engaging in short sales of the Company's stock and any trading in derivatives of the Company's stock.

5.      If a determination is made by the Trading Compliance Officer or the Board (or subcommittee thereof) that an individual has failed to comply with the Company's trading policy the Company shall determine whether disciplinary action is appropriate.  All decisions regarding trading policy violations and possible disciplinary action shall be reported to the Board.

## V.      ADDITIONAL CORPORATE GOVERNANCE MEASURES

1.      The Company shall publish on its website the Scientific Code of Conduct referenced in its Code of Business Conduct and Ethics.

2.      The Company shall publish on its website contact information for MySafeWorkplace to allow customers, vendors and other third-parties to submit whistleblower complaints, if any.  The GC shall update the Directors at least semi-annually regarding any such complaints, including the nature and substance of the complaints, the status and outcome of any investigation thereof, and any resolution and/or recommendations regarding such complaints.

## VI.      COMMITMENT TO MAINTAIN REFORMS ADOPTED TO DATE

The Company shall agree to maintain for not less than three (3) years: (i) publication of the Corporate Governance Guidelines on the Company's website; (ii) the requirement that the independent directors shall meet in executive session at each regularly scheduled Board meeting, and (iii) the policy that the Company shall hold a "Say on Pay" shareholder vote annually.

# EXHIBIT B

1  Robert S. Green (State Bar No. 136183)
   James Robert Noblin (State Bar No. 114442)
2  Lesley E. Weaver (State Bar No. 191305)
   **GREEN & NOBLIN, P.C.**
3  700 E. Larkspur Landing Circle, Ste. 275
   Larkspur, CA 94939
4  Telephone: (415) 477-6700
   Facsimile: (415) 477-6710
5
   Attorneys for Plaintiff Carol Truglio
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF ALAMEDA

10  CAROL TRUGLIO, Derivatively on Behalf      )  Case No. RG13686266
    of DYNAVAX TECHNOLOGIES CORP.,             )
11                                             )
                            Plaintiff,         )  **[PROPOSED] ORDER PRELIMINARILY**
12          v.                                 )  **APPROVING SETTLEMENT AND**
                                               )  **PROVIDING FOR NOTICE**
13  ARNOLD L. ORONSKY, FRANCIS R.              )
    CANO, DENNIS A CARSON, DINO                )
14  DINA, DENISE M. GILBERT, EDDIE             )
    GRAY, DANIEL L. KISNER, J. TYLER           )
15  MARTIN, PEGGY V. PHILLIPS, MARK            )
    KESSEL, AND STANLEY A. PLOTKIN,            )
16                                             )
                            Defendants,        )
17          -and-                              )
                                               )
18  DYNAVAX TECHNOLOGIES                       )
    CORPORATION,                               )  Date Action Filed: July 3, 2013
19                                             )
                    Nominal Defendant.         )
20  _____ )

21

22

23

24

25

26

27

28

---

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

1       WHEREAS, the above-captioned shareholder derivative action is pending before the Court

2  (the "Action");

3       WHEREAS, a related shareholder derivative action is pending before the U.S. District Court

4  for the Northern District of California, captioned *Drabek v. Dina*, Case No. 13CV3705 (the

5  "Federal Derivative Action");

6       WHEREAS, on May 18, 2015, Raymond Hersh, a current owner of Dynavax Technologies

7  Corp. ("Dynavax" or the "Company") common stock, issued a stockholder demand pursuant to

8  Delaware law to investigate the alleged breaches of fiduciary duties and other alleged violations of

9  law (the "Stockholder Demand," collectively with the Action and the Federal Derivative Action,

10  the "Derivative Actions");

11       WHEREAS, the Plaintiffs have made an unopposed motion for an order preliminarily

12  approving the proposed Settlement of the Derivative Actions in accordance with the Second

13  Amended Stipulation of Settlement dated August 16, 2017 (the "Stipulation"), which together with

14  the exhibits annexed thereto, sets forth the terms and conditions for the proposed Settlement of the

15  Derivative Actions, and for entry of the Order and Judgment of Final Approval;

16       WHEREAS, the Court having: (i) read and considered Plaintiffs' Unopposed Motion for

17  Preliminary Approval of Shareholder Derivative Settlement together with the accompanying

18  Memorandum of Points and Authorities; (ii) read and considered the Stipulation, as well as all the

19  exhibits attached thereto; and (iii) heard and considered arguments by counsel for the Settling

20  Parties in favor of preliminary approval of the Settlement;

21       WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Settlement

22  falls within the range of possible approval criteria, as it provides a substantial beneficial result for

23  Dynavax and its shareholders and appears to be the product of good faith, informed, and non-

24  collusive negotiations between experienced and able counsel for the Settling Parties;

25       WHEREAS, the Court also finds, upon a preliminary evaluation, that Dynavax shareholders

26  should be apprised of the Settlement through the proposed form of notice, allowed to file objections,

27  if any, thereto, and appear at the Settlement Hearing; and

28

- 1 -

[PROPOSED] ORDER PRELIMINARY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

1        WHEREAS, except as otherwise expressly provided herein, all capitalized terms shall have

2    the same meanings and/or definitions as set forth in the Stipulation.

3        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

4        1.      This Court preliminarily approves the Settlement as set forth in the Stipulation as

5    being fair, reasonable, and adequate.

6        2.      Within ten (10) business days after the entry of this Preliminary Approval Order,

7    Dynavax shall, at its own cost: (i) cause a copy of the Summary Notice, substantially in the form of

8    Exhibit D to the Stipulation, to be published once in the *Investor's Business Daily*; (ii) post a link to

9    the Notice and Stipulation on the Company's Investor Relations page of its website until the

10   Judgment is entered; and (iii) file a Form 8-K with the SEC that includes the Notice, which shall

11   refer shareholders to the Investor Relations page of Dynavax's website for more information.

12       3.      Within ten (10) business days after the entry of this Preliminary Approval Order, the

13   law firms of Federman & Sherwood, Robbins Arroyo LLP, and The Shuman Law Firm shall : (i)

14   post copies of the Notice and Stipulation on their respective websites;  and (ii) issue a press release

15   publishing the Notice via a news wire service.

16       4.      No later than fourteen (14) calendar days prior to the Settlement Hearing, Defendants

17   shall file with the Court and serve an appropriate affidavit or declaration with respect to filing and

18   posting the Stipulation, Notice, and Summary Notice, and Plaintiffs' Counsel shall file with the

19   Court and service an appropriate affidavit or declaration with respect to posting the Notice and

20   Stipulation and publishing the Notice via a news wire service.

21       5.      The Court finds that the form, substance, and dissemination of information regarding

22   the proposed Settlement in the manner set out in this Preliminary Approval Order constitutes the

23   best notice practicable under the circumstances and complies fully with California law and due

24   process.

25       6.      A hearing shall be held on October 17, 2017 at 3:00 p.m., before the Honorable Brad

26   Seligman, Department 30 in the Superior Court of the State of California, Alameda County, located

27   at U.S. Post Office Building, 201 Thirteenth Street, Oakland, CA 94613, (the "Settlement

28

- 2 -

1  Hearing"), at which the Court will determine: (i) whether the terms of the Stipulation should be

2  approved as fair, reasonable, and adequate; (ii) whether the Notice and Summary Notice fully

3  satisfied the requirements of California law and the requirements of due process; (iii) whether the

4  Order and Judgment of Final Approval should be entered ; (iv) whether all Released Claims against

5  the Released Persons should be fully and finally released; (v) whether the agreed-upon fees and

6  expenses should be approved; (vi) whether Service Awards to Plaintiffs should be approved; and

7  (vi) to rule upon such other matters as the Court may deem appropriate.

8       7.      The Court reserves: (i) the right to approve the Settlement, with such modifications

9  as may be agreed to by counsel for the Settling Parties consistent with such Settlement, without

10  further notice to Current Dynavax Shareholders; and (ii) the right to continue or adjourn the

11  Settlement Hearing from time to time, by oral announcement at the hearing or at any adjournment

12  thereof, without further notice to Current Dynavax Shareholders.

13       8.      Any Current Dynavax Shareholders may appear and show cause, at their own

14  expense, individually or through counsel, if he, she, or it has any reason why the Settlement

15  embodied in the Stipulation should not be approved as fair, reasonable, and adequate, or why the

16  Judgment should or should not be entered hereon, or the agreed-upon fees and expenses or the

17  Service Awards should not be awarded.  All written objections, supporting papers and/or notices of

18  intent to appear at the Settlement Hearing must:

19       (a)     clearly identify the case name and number (*Truglio v. Oronsky*, Case Number

20  RG13686266);

21       (b)     include such Person's name, address, and telephone number;

22       (c)     include such Person's account statement evidencing that you held shares of

23  Dynavax common stock as of May 19, 2017;

24       (d)    contain a statement of objections to any matters before the Court, the grounds

25  therefore, or the reasons for such Person desiring to appear and be heard, as well as all documents or

26  writings such Person desires the Court to consider

27

28

1    (e)    the identities of any witnesses such Person plans on calling at the Settlement

2  Hearing, along with a summary description of their likely testimony;

3    (f)    be submitted to the Court either by mailing the objection to: Clerk of Court,

4  Superior Court of California, County of Alameda, Rene C. Davidson Alameda County Courthouse,

5  1225 Fallon Street, Oakland, California 94612, or by filing in person at any location of the Superior

6  Court, County of Alameda that includes a facility for civil filings;

7    (g)    be mailed to both law firms identified:

8    **Counsel for Plaintiffs**

9    William B. Federman,
     Federman & Sherwood
10   10205 N. Pennsylvania Ave.
     Oklahoma City, OK 73120

11   **Counsel for Defendants:**

12   Jeffrey M. Kaban
     Cooley, LLP
13    3175 Hanover St.
     Palo Alto, CA 94304

14

15   (h)    be filed or postmarked on or before October 3, 2017.

16   9.    Any Person or entity who fails to object or otherwise request to be heard in the manner

17  prescribed above will be deemed to have waived the right to object to any aspect of the Settlement or

18  otherwise request to be heard (including the right to appeal) and will be forever barred from raising

19  such objection or request to be heard in this or any other action or proceeding.

20   10.    Any Current Dynavax Shareholders who do not make an objection in the manner

21  provided herein shall be deemed to have waived any such objection and shall forever be foreclosed

22  from making any objection to the fairness, reasonableness or adequacy of the Settlement, unless

23  otherwise ordered by the Court, but shall be otherwise bound by the Judgment to be entered and the

24  releases to be given.

25   11.    Not later than twenty-one (21) calendar days prior to the Settlement Hearing, all

26  briefs supporting the Settlement shall be served and filed.  A response to objections, if any, shall be

27  served and filed no later than seven (7) calendar days prior to the Settlement Hearing.

28

- 4 -

12.    All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.

13.    Pending final determination of whether the Settlement should be approved, no Dynavax shareholder, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

14.    This Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Current Dynavax Shareholders.

15.    Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties or any other Person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing, or liability of the Settling Parties or Released Persons, or of the validity of any Released Claims; or (ii) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative, other than to enforce the terms therein.

**IT IS SO ORDERED.**


DATED:_____          _____
                                       THE HONORABLE BRAD SELIGMAN
                                       JUDGE OF THE SUPERIOR COURT

- 5 -

# EXHIBIT C

1    Robert S. Green (State Bar No. 136183)
     James Robert Noblin (State Bar No. 114442)
2    Lesley E. Weaver (State Bar No. 191305)
     **GREEN & NOBLIN, P.C.**
3    700 E. Larkspur Landing Circle, Ste. 275
     Larkspur, CA 94939
4    Telephone: (415) 477-6700
     Facsimile: (415) 477-6710
5
     Attorneys for Plaintiff Carol Truglio
6

7

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF ALAMEDA

10   CAROL TRUGLIO, Derivatively on Behalf    )   Case No. RG13686266
     of DYNAVAX TECHNOLOGIES CORP.,            )
11                                             )
                          Plaintiff,           )
12                                             )
              v.                               )
                                               )   **NOTICE OF PROPOSED SETTLEMENT**
13   ARNOLD L. ORONSKY, FRANCIS R.             )   **AND SETTLEMENT HEARING**
     CANO, DENNIS A CARSON, DINO               )
14   DINA, DENISE M. GILBERT, EDDIE            )
     GRAY, DANIEL L. KISNER, J. TYLER          )
15   MARTIN, PEGGY V. PHILLIPS, MARK           )
     KESSEL, AND STANLEY A. PLOTKIN,           )
16                                             )
                          Defendants,          )
17            -and-                            )
                                               )
18   DYNAVAX TECHNOLOGIES                      )
     CORPORATION,                              )
19                                             )   Date Action Filed: July 3, 2013
                          Nominal Defendant.   )
20   _____  )

21

22

23

24

25

26

27

28

---

NOTICE OF PROPOSED SETTLEMENT AND SETTLEMENT HEARING

**If you bought common stock of Dynavax Technologies Corporation ("Dynavax" or the "Company") as of May 19, 2017, your rights may be affected.**

**The California Superior Court for the County of Alameda authorized this notice.  This is not a solicitation from a lawyer.**

- A proposed Settlement has been reached between the Settling Parties to the following shareholder derivative actions brought on behalf of Dynavax: (i) *Truglio v. Oronsky*, Case No. RG13686266 (the "Action"); (ii) *Drabek v. Dina*, Case No. 13CV3705 (the "Federal Derivative Action"); and (iii) Stockholder Demand Plaintiff Raymond Hersh (the "Stockholder Demand") (collectively, the Action, the Federal Derivative Action, and the Stockholder Demand are referred to as the "Derivative Actions").

- The Settlement provides for corporate governance reforms that are designed to strengthen Dynavax's internal controls and protect the Company going forward.  If approved by the Court, the Settlement will fully resolve the Derivative Actions on the terms set forth in the Stipulation and summarized in this Notice, including the dismissal of the Derivative Actions with prejudice.

- Since the Settlement will result in changes to the Company's corporate governance, not in payment to individuals, there will be no claims procedure.

- Your legal rights are affected whether you act, or do not act.  If the Court approves the Settlement, you will be forever barred from contesting the approval of the proposed Settlement and from pursuing the Released Claims. Please read this notice carefully and in its entirety.

## SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS

| | |
|---|---|
| **OBJECT** | **Write to the Court about why you do not like the Settlement** |
| **GO TO A HEARING** | **Ask to speak in Court about the fairness of the Settlement** |
| **DO NOTHING** | **Give up rights.** |

- These rights and options – and the deadlines to exercise them- are explained below in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement.

- 1 -

## I.    BASIC INFORMATION

### 1.    What is this Lawsuit About?

The lawsuit was brought by Plaintiffs solely on behalf of and for the benefit of Dynavax and against the Individual Defendants.  Plaintiffs generally allege, among other things, that the Individual Defendants breached their fiduciary duties, wasted corporate assets, and were unjustly enriched in connection with allegedly improper statements between April 2012 and June 2013 regarding HEPLISAV-B.

### 2.    Why is there a Settlement?

The Court did not decide in favor of Plaintiffs or Defendants.  Instead, both sides agreed to a settlement in order to avoid the cost and risk of continued litigation.  Counsel for the Settling Parties believe that the Settlement is in the best interests of the Plaintiffs, Individual Defendants, Dynavax and its shareholders.

### 3.    Why is this a derivative action?

The lawsuit was brought by Plaintiffs solely on behalf of and for the benefit of Dynavax and against the Individual Defendants.

## II.    THE SETTLEMENT BENEFITS

### 4.    What Does the Settlement Provide?

As a direct result of the filing, prosecution, and settlement of the Derivative Actions, Dynavax has agreed to adopt and implement the Corporate Governance Reforms set forth in Exhibit A to the Stipulation.  These Corporate Governance Reforms constitute the consideration for the Settlement, and the Dynavax Board acknowledges and agrees that Plaintiffs' prosecution of the

Derivative Actions was the primary factor in Dynavax's decision to adopt, implement, and/or maintain the Reforms.  Dynavax also acknowledges and agrees that the Settlement confers a substantial benefit upon Dynavax and its shareholders.  The Corporate Governance Reforms shall be maintained for a minimum of three years from the date they are implemented, respectively, unless abrogated by law.   For a complete description of all of the Corporate Governance Reforms, please see Exhibit A to the Stipulation.

## III.   REASONS FOR THE SETTLEMENT

Counsel for the Settling Parties believe that the Settlement is in the best interests of the Plaintiffs, Individual Defendants, Dynavax and its shareholders.

### 5.   Why Did the Plaintiffs Agree to Settle?

Plaintiffs believe that the Derivative Actions have substantial merit, and Plaintiffs' entry into the Stipulation and this Settlement is not intended to be and shall not be construed as an admission or concession concerning the relative strength or merit of the claims alleged in the Derivative Actions. Plaintiffs and their counsel also acknowledge the significant risk, expense, and length of continued proceedings necessary to prosecute the Derivative Actions against the Defendants through trial and through possible appeals.  Plaintiffs' Counsel have also taken into account the substantial risks, costs, and delays involved in complex shareholder derivative litigation, generally, as well as the unique challenges presented by the Derivative Actions, including establishing that demand on the Board would be futile and the exculpation and indemnification rights afforded the director Defendants pursuant to Delaware General Corporate Law §102(b)(7).

Based on Plaintiffs' Counsel's thorough review and analysis of the relevant facts and the circumstances, allegations, defenses, and controlling legal principles, Plaintiffs' Counsel have determined that the Settlement set forth in the Stipulation is fair, reasonable, and adequate, and confers substantial benefits upon Dynavax and its shareholders.  Based on their evaluation, Plaintiffs and their counsel believe that the Settlement is in the best interests of Dynavax and its shareholders

- 3 -

1  and have agreed to settle the Derivative Actions upon the terms and subject to the conditions set forth

2  herein.

3         **6.**     **Why Did the Defendants Agree to Settle?**

4        Defendants have denied and continue to deny each and all of the claims, contentions, and

5  allegations made against them or that could have been made against them in the Derivative Actions,

6  and believe the Derivative Actions have no merit.  The Individual Defendants expressly assert that

7  they have satisfied their fiduciary duties and have acted in good faith and in the best interest of

8  Dynavax and its shareholders at all relevant times.  Defendants have entered into the Stipulation to

9  avoid continuing expense, inconvenience, and distraction of the Derivative Actions, as well as the

10  risks and uncertainties inherent in the lawsuits.  Nevertheless, Defendants have determined that it is

11  desirable and beneficial that the Derivative Actions be settled in the manner and upon the terms and

12  conditions set forth in the Stipulation because, among other things, it will allow the Company to

13  conclude this litigation on terms that are just and reasonable, including the adoption and maintenance

14  of the Corporate Governance Reforms.  Further, Dynavax, through its Board, acknowledges that the

15  Settlement is fair, reasonable, and adequate, and in the best interests of Dynavax and its shareholders.

16  **IV.**     **THE LAWYERS REPRESENTING YOU**

17         **7.**     **Do I Have a Lawyer in the Case?**

18

19        Plaintiffs' Counsel represents the named plaintiffs and brings this case on behalf of and for

20  the benefit of Dynavax. You will not be charged for these lawyers.  If you want to be represented by

21  your own lawyer, you may hire one at your own expense.

22

23         **8.**     **How will the Lawyers be Paid?**

24        After negotiating the Corporate Governance Reforms, Plaintiffs' Counsel and counsel for

25  Defendants separately negotiated the attorneys' fees and expenses to be paid to Plaintiffs' Counsel.

26  As a result of these negotiations, and in light of the substantial benefits conferred upon Dynavax and

27  its shareholders by the Settlement, Dynavax's Board has agreed and shall instruct Dynavax's and the

28

1  Individual Defendants' insurers to pay $925,000 for Plaintiffs' attorneys' fees and expenses, subject

2  to court approval.  Plaintiffs' Counsel shall request approval by the Court of the fees and expenses at

3  the Settlement Hearing.  To date, Plaintiffs' Counsel have neither received any payment for their

4  services in conducting the Derivative Actions, nor have Plaintiffs' Counsel been reimbursed for their

5  out-of-pocket litigation expenses incurred.  Plaintiffs' Counsel believe that the agreed-upon fees and

6  expenses is within the range of fees and expenses awarded to plaintiffs' counsel under similar

7  circumstances in litigation of this type.

8

9          **9.        How will the Plaintiffs be paid?**

10         Plaintiffs may also apply for Court approval of service awards in the amount of $1,500 for

11  the Federal and State Plaintiffs (the "Service Awards"), in light of the benefits they have helped to

12  create for Dynavax and Current Dynavax Shareholders.

13

14  **V.    OBJECTING TO THE SETTLEMENT**

15         You can tell the Court you do not agree with the Settlement or some part of it.

16

17         **10.       How Do I Tell the Court that I Do Not Like the Settlement?**

18         You may object to the proposed Settlement in writing. You may also appear at the

19  Settlement Hearing, in person or through an attorney at your own expense, provided you notify the

20  Court of your intent to do so. All written objections, supporting papers and/or notices of intent to

21  appear at the Settlement Hearing must:

22                 (a)     clearly identify the case name and number (*Truglio v. Oronsky*, Case Number

23  RG13686266);

24                 (b)     include your name, address, and telephone number;

25                 (c)     include an account statement evidencing that you held shares of Dynavax

26  common stock as of May 19, 2017;

27

28

NOTICE OF PROPOSED SETTLEMENT AND SETTLEMENT HEARING

(d)     contain a statement of objections to any matters before the Court, the grounds therefore, or the reasons for such Person desiring to appear and be heard, as well as all documents or writings such Person desires the Court to consider

(e)     the identities of any witnesses you plan on calling at the Settlement Hearing, along with a summary description of their likely testimony;

(f)     be submitted to the Court either by mailing the objection to: Clerk of Court, Superior Court of California, County of Alameda, Rene C. Davidson Alameda County Courthouse, 1225 Fallon Street, Oakland, California 94612, or by filing in person at any location of the Superior Court, County of Alameda that includes a facility for civil filings;

(g)     be mailed to both law firms identified:

**Counsel for Plaintiffs**
William B. Federman,
Federman & Sherwood
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120

**Counsel for Defendants:**
Jeffrey M. Kaban
Cooley, LLP
3175 Hanover St.
Palo Alto, CA 94304

(h)     be filed or postmarked on or before October 3, 2017.

Any Person or entity who fails to object or otherwise request to be heard in the manner prescribed above will be deemed to have waived the right to object to any aspect of the Settlement or otherwise request to be heard (including the right to appeal) and will be forever barred from raising such objection or request to be heard in this or any other action or proceeding.

## VI.     THE COURT'S SETTLEMENT HEARING

### 11.     When and Where Will the Court Decide Whether to Approve the Settlement?

On October 17, 2017, at 3:00 p.m., the Court will hold the Settlement Hearing before the Honorable Brad Seligman, in Department 30 of the Superior Court of the State of California, Alameda

- 6 -

County, located at U.S. Post Office Building, 201 Thirteenth Street, Oakland, CA 94613. The Settlement Hearing may be continued by the Court without further notice. At the Settlement Hearing, the Court will consider: (i) whether the terms of the Settlement are fair, reasonable and adequate and should be finally approved by the Court; (ii) whether a final judgment should be entered; (iii) whether the Court should award the agreed-to attorneys' fees and reimbursement of expenses for Plaintiffs' Counsel and a service award to Plaintiffs; and (iv) such other matters as may be necessary or proper under the circumstances.

**12.     Do I Have to Come to the Hearing?**

You have the right, but are not required, to appear in person or through counsel at the Settlement Hearing to object to the terms of the proposed Settlement or otherwise present evidence or argument that may be proper and relevant.

**13.     May I Speak at the Hearing?**

You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must send a letter stating that it is your notice of intention to appear in *Truglio v. Oronsky*, Case Number RG13686266. Your notice of intention to appear must be postmarked no later than October 3, 2017, and be sent to the Clerk of Court, Plaintiff's Counsel and Defense Counsel at the three addresses in question 10.

**VII.   IF YOU DO NOTHING**

**14.     What Happens if I do Nothing at All?**

If you do nothing, you will not be able to start, continue with a lawsuit, or be part of any other lawsuit on behalf of Dynavax about the legal issues in this case, ever again. Upon the Effective Date, Plaintiffs, all other Current Dynavax Shareholders, Plaintiffs' Counsel, and Dynavax shall be deemed to have, and by operation of the Judgment shall have fully, finally, and forever released, relinquished, and discharged the Released Claims (including Unknown Claims of Plaintiffs and Dynavax) against

NOTICE OF PROPOSED SETTLEMENT AND SETTLEMENT HEARING

Dynavax, the Individual Defendants, and their Related Persons.  Further, upon the Effective Date, Dynavax, the Individual Defendants, and their Related Persons shall be deemed to have, and by operation of the Judgment shall have fully, finally, and forever released, relinquished, and discharged Plaintiffs, Plaintiffs' Counsel, and Dynavax from all claims (including Unknown Claims of Plaintiffs and Dynavax), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Derivative Actions or the Released Claims.

## VIII.   GETTING MORE INFORMATION

### 15.   Are there More Details About the Settlement?

This Notice summarizes the Stipulation.  It is not a complete statement of the events of the Derivative Actions or the Stipulation.  There is additional information concerning the Settlement available in the Stipulation.

### 16.   How Do I Get More Information?

For a more detailed statement of the matters involved in the Derivative Actions, the Settlement, and the terms discussed and definitions used in this Notice, the Stipulation may be inspected online at the Alameda County Superior Court's website, known as 'DomainWeb,' at https://publicrecords/alameda.courts.ca.gov/PRS/. After arriving at the website, click 'Search by Case Number' and enter RG13686266 as the case number and click 'SEARCH.' Images of each document filed in the case may be viewed through the 'Register of Actions' at a minimal charge. You may also view the images of each document filed in the case free of charge via one of the computer terminal kiosks available at each court location that has a facility for civil filings, including at the Clerk of Court's office at the Alameda Superior Courthouse, 1225 Fallon St, Oakland, CA 94612.  The Stipulation is also available for viewing on the websites of:

    a)  Federman & Sherwood at http://www.federmanlaw.com/oklahoma-settlements;

    b)  Robbins Arroyo LLP at http://www.robbinsarroyo.com/notices;

- 8 -

NOTICE OF PROPOSED SETTLEMENT AND SETTLEMENT HEARING

c)  the Shuman Law Firm at http://www.shumanlawfirm.com/
notices/; and

d)  Dynavax at http://investors.dynavax.com/index.cfm.

For additional information concerning the Settlement, you may also call or write to: Federman &
Sherwood,    c/o    William    B.    Federman,    10205    North    Pennsylvania    Avenue,
Oklahoma City, Oklahoma 73120, Telephone: (405) 235-1560.


DATED _____, 2017            BY ORDER OF THE COURT
                                       SUPERIOR COURT OF CALIFORNIA
                                       COUNTY OF ALAMEDA

NOTICE OF PROPOSED SETTLEMENT AND SETTLEMENT HEARING

# EXHIBIT D

1  Robert S. Green (State Bar No. 136183)
   James Robert Noblin (State Bar No. 114442)
2  Lesley E. Weaver (State Bar No. 191305)
   **GREEN & NOBLIN, P.C.**
3  700 E. Larkspur Landing Circle, Ste. 275
   Larkspur, CA 94939
4  Telephone: (415) 477-6700
   Facsimile: (415) 477-6710
5  Attorneys for Plaintiff Carol Truglio

6

7                SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                            COUNTY OF ALAMEDA

9  CAROL TRUGLIO, Derivatively on Behalf     )   Case No. RG13686266
   of DYNAVAX TECHNOLOGIES CORP.,            )
10                                            )
                                             )
11              Plaintiff,                    )
        v.                                    )
12                                            )   **SUMMARY NOTICE OF PROPOSED**
   ARNOLD L. ORONSKY, FRANCIS R.             )   **SETTLEMENT AND SETTLEMENT**
13 CANO, DENNIS A CARSON, DINO               )   **HEARING**
   DINA, DENISE M. GILBERT, EDDIE            )
14 GRAY, DANIEL L. KISNER, J. TYLER          )
   MARTIN, PEGGY V. PHILLIPS, MARK           )
15 KESSEL, AND STANLEY A. PLOTKIN,           )
                                             )
16              Defendants,                   )
        -and-                                 )
17                                            )
   DYNAVAX TECHNOLOGIES                       )
18 CORPORATION,                               )
                                             )
19              Nominal Defendant.            )   Date Action Filed: July 3, 2013
   _____  )

20

21

22

23

24

25

26

27

28

**If you bought common stock of Dynavax Technologies Corporation ("Dynavax" or the "Company") as of May 19, 2017, your rights may be affected.**

**The California Superior Court for the County of Alameda authorized this notice.  This is not a solicitation from a lawyer.**

**PLEASE READ THIS SUMMARY NOTICE CAREFULLY AND IN ITS ENTIRETY.  IF YOU ARE A CURRENT DYNAVAX SHAREHOLDER YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THE DERIVATIVE ACTIONS.**

### 1.  What is being settled?

A proposed Settlement has been reached between the Settling Parties to the following shareholder derivative actions brought on behalf of Dynavax: (i) *Truglio v. Oronsky*, Case No. RG13686266 (the "Action"); (ii) *Drabek v. Dina*, Case No. 13CV3705 (the "Federal Derivative Action"); and (iii) Stockholder Demand Plaintiff Raymond Hersh (the "Stockholder Demand") (collectively, the Action, the Federal Derivative Action, and the Stockholder Demand are referred to as the "Derivative Actions").  The Derivative Actions are brought by Plaintiffs solely on behalf of and for the benefit of Dynavax and against the Individual Defendants.  Plaintiffs generally allege, among other things, that the Individual Defendants breached their fiduciary duties, wasted corporate assets, and were unjustly enriched in connection with allegedly improper statements between April 26, 2012 and June 10, 2013 regarding HEPLISAV-B.  The proposed Settlement provides that Dynavax will implement certain Corporate Governance Reforms within 90 days of the Order and Judgment of Final Approval and the Corporate Governance Reforms will be maintained for a minimum of three years.  *See* Exhibit A of the Stipulation for the full terms of the proposed Settlement.

### 2.  How Do I Tell the Court that I Do Not Like the Settlement?

You may object to the proposed settlement in writing. You may also appear at the Settlement Hearing, in person or through an attorney at your own expense, provided you notify the Court of your intent to do so. All written objections, supporting papers and/or notices of intent to appear at the Settlement Hearing must:

1        (a)     clearly identify the case name and number (*Truglio v. Oronsky*, Case Number

2    RG13686266);

3        (b)     include your name, address, and telephone number;

4        (c)     include an account statement evidencing that you held shares of Dynavax

5    common stock as of May 19, 2017;

6        (d)     contain a statement of objections to any matters before the Court, the grounds

7    therefore, or the reasons for such Person desiring to appear and be heard, as well as all documents or

8    writings such Person desires the Court to consider

9        (e)     the identities of any witnesses you plan on calling at the Settlement Hearing,

10   along with a summary description of their likely testimony;

11       (f)     be submitted to the Court either by mailing the objection to: Clerk of Court,

12   Superior Court of California, County of Alameda, Rene C. Davidson Alameda County Courthouse,

13   1225 Fallon Street, Oakland, California 94612, or by filing in person at any location of the Superior

14   Court, County of Alameda that includes a facility for civil filings;

15       (g)     be mailed to both law firms identified:

16               **Counsel for Plaintiffs**

17               William B. Federman,
Federman & Sherwood

18               10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120

19

20               **Counsel for Defendants:**
Jeffrey M. Kaban
Cooley, LLP

21               3175 Hanover St.
Palo Alto, CA 94304

22

23       (h)     be filed or postmarked on or before October 3, 2017.

24       Any Person or entity who fails to object or otherwise request to be heard in the manner

25   prescribed above will be deemed to have waived the right to object to any aspect of the Settlement

26   or otherwise request to be heard (including the right to appeal) and will be forever barred from

27   raising such objection or request to be heard in this or any other action or proceeding.

28

### 3. When and Where Will the Court Decide Whether to Approve the Settlement?

On October 17, 2017, at 3:00 p.m., the Court will hold the Settlement Hearing before the Honorable Brad Seligman, in Department 30 of the Superior Court of the State of California, Alameda County, located at U.S. Post Office Building, 201 Thirteenth Street, Oakland, CA 94613. The Settlement Hearing may be continued by the Court without further notice.  At the Settlement Hearing, the Court will consider: (i) whether the terms of the Settlement are fair, reasonable and adequate and should be finally approved by the Court; (ii) whether the Order and Judgment of Final Approval should be entered; (iii) whether the Court should award the agreed-to attorneys' fees and reimbursement of expenses for Plaintiffs' Counsel and a service award to Plaintiffs; and (iv) such other matters as may be necessary or proper under the circumstances.

**This is a summary notice only**.  For additional information about the claims asserted in the Derivative Actions and the terms of the proposed Settlement, please refer to the documents filed in the respective Derivative Actions, the Stipulation, and the Notice of Proposed Settlement and Settlement Hearing (the "Notice").  The Stipulation and Notice may be viewed on the websites of Federman & Sherwood at http://www.federmanlaw.com/oklahoma-settlements; Robbins Arroyo LLP at http://www.robbinsarroyo.com/notices; the Shuman Law Firm at http://www.shumanlawfirm.com/notices/; and Dynavax at http://investors.dynavax.com/index.cfm.  For more information, you may also call or write to: Federman & Sherwood, c/o William B. Federman, 10205 N. Pennsylvania Ave., Oklahoma City, Oklahoma 73120; Telephone: (405) 235-1560.

### PLEASE DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE

SUMMARY NOTICE OF PROPOSED SETTLEMENT AND SETTLEMENT HEARING

# EXHIBIT E

1  Robert S. Green (State Bar No. 136183)
   James Robert Noblin (State Bar No. 114442)
2  Lesley E. Weaver (State Bar No. 191305)
   **GREEN & NOBLIN, P.C.**
3  700 E. Larkspur Landing Circle, Ste. 275
   Larkspur, CA 94939
4  Telephone: (415) 477-6700
   Facsimile: (415) 477-6710
5
   Attorneys for Plaintiff Carol Truglio
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF ALAMEDA

10  CAROL TRUGLIO, Derivatively on Behalf      )   Case No. RG13686266
    of DYNAVAX TECHNOLOGIES CORP.,             )
11                                             )
                            Plaintiff,         )
12         v.                                  )
                                               )   **[PROPOSED] ORDER AND JUDGMENT**
13  ARNOLD L. ORONSKY, FRANCIS R.              )   **OF FINAL APPROVAL**
    CANO, DENNIS A CARSON, DINO                )
14  DINA, DENISE M. GILBERT, EDDIE             )
    GRAY, DANIEL L. KISNER, J. TYLER           )
15  MARTIN, PEGGY V. PHILLIPS, MARK            )
    KESSEL, AND STANLEY A. PLOTKIN,            )
16                                             )
                            Defendants,        )
17         -and-                               )
                                               )
18  DYNAVAX TECHNOLOGIES                       )
    CORPORATION,                               )
19                                             )   Date Action Filed: July 3, 2013
                      Nominal Defendant.       )
20  _____ )

21

22

23

24

25

26

27

28

                    [PROPOSED] ORDER AND FINAL JUDGMENT

1    This matter came before the Court for hearing pursuant to this Court's Order Preliminarily
2  Approving Settlement and Providing for Notice ("Preliminary Approval Order"), dated
3  _____, 2017, on the application of the Settling Parties for final approval of the
4  Settlement set forth in the Second Amended Stipulation of Settlement dated August 16, 2017 (the
5  "Stipulation").  Due and adequate notice having been given to Dynavax Technologies Corporation
6  ("Dynavax" or the "Company") shareholders as required in the Preliminary Approval Order, and the
7  Court having considered all papers filed and proceedings and otherwise being fully informed in the
8  premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND
9  DECREED that:

10    1.    This Judgment incorporates by reference the definitions in the Stipulation, and all
11  capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless
12  otherwise defined herein.

13    2.    This Court has jurisdiction over the subject matter of the above-captioned Action,
14  including all matters necessary to effectuate the Settlement, and over all Settling Parties.

15    3.    The Court finds that the Notice and Summary Notice provided to Current Dynavax
16  Shareholders constituted the best notice practicable under the circumstances.  The Notice and
17  Summary Notice fully satisfied the requirements of California law, and any other applicable law, and
18  the requirements of due process.

19    4.    The Court finds that the Settlement as set forth in the Stipulation is fair, reasonable,
20  adequate, and in the best interests of Dynavax and its shareholders.  The Court hereby finally approves
21  the Settlement in all respects and orders the Settling Parties to perform its terms to the extent the
22  Settling Parties have not already done so.

23    5.    Judgment is hereby entered regarding the above-captioned Action and all claims
24  contained therein, as well as all of the Released Claims.  The Settling Parties are to bear their own
25  costs, except as otherwise provided in the Stipulation.

26

27

28

1    6.    Upon the Effective Date, the Releasing Persons shall be deemed to have fully, finally,

2  and forever released, relinquished, and discharged the Released Claims (including Unknown Claims

3  of Plaintiffs and Dynavax) against the Released Persons.

4    7.    Upon the Effective Date, each of the Released Persons shall be deemed to have fully,

5  finally, and forever released, relinquished, and discharged Plaintiffs, Plaintiffs' Counsel, and

6  Dynavax from all claims (including Unknown Claims of Plaintiffs and Dynavax), arising out of,

7  relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of

8  the Derivative Actions or the Released Claims.

9    8.    Nothing in this Judgment constitutes or reflects a waiver or release of any rights or

10  claims of Defendants against their insurers, or their insurers' subsidiaries, predecessors, successors,

11  assigns, affiliates, or representatives, including, but not limited to, any rights or claims of Defendants

12  under any directors' and officers' liability insurance or other applicable insurance coverage

13  maintained by the Company.  Nothing in this Judgment constitutes or reflects a waiver or release of

14  any rights or claims of the Individual Defendants relating in any way to indemnification, whether

15  under any written indemnification or advancement agreement, or under the Company's charter, by-

16  laws, or under applicable law.

17    9.    During the course of the litigation, all Parties and their respective counsel at all times

18  complied with the requirements of sections 128.5 and 128.7 of the California Code of Civil Procedure,

19  and all other similar laws or statutes.

20    10.    Neither the Stipulation nor the Settlement, nor any act performed or document

21  executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to

22  be or may be offered, attempted to be offered, or used in any way by the Settling Parties or any other

23  Person as a presumption, a concession, or an admission of, or evidence of, any fault, wrongdoing, or

24  liability of the Settling Parties or Released Persons, or of the validity of any Released Claims; or (ii)

25  is intended by the Settling Parties to be offered or received as evidence or used by any other person

26  in any other actions or proceedings, whether civil, criminal, or administrative, other than to enforce

27  the terms therein.

28

[PROPOSED] ORDER AND FINAL JUDGMENT

11. The Released Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties may also file the Stipulation and documents executed pursuant and in furtherance thereto in any action to enforce the Settlement and/or this Judgment.

12. In the event the Effective Date does not occur, or if the Stipulation is in any way canceled, terminated, or fails to become Final in accordance with its terms, and if counsel for the Settling Parties do not otherwise mutually agree in writing to proceed with the Stipulation: (i) all Settling Parties and Released Persons shall be restored to their respective positions prior to execution of this Stipulation; (ii) all releases delivered in connection with the Stipulation shall be null and void, except as otherwise provided for in the Stipulation; (iii) the fees and expenses paid to Plaintiffs' Counsel shall be refunded and returned within fifteen (15) business days of said event; and (iv) all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by a Settling Party of any act, matter, or proposition, and shall not be used in any manner for any purpose in any subsequent proceeding in the Derivative Actions or in any other action or proceeding. In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Settling Parties and shall not be used in the Derivative Actions or in any other proceeding for any purpose.

13. The Court hereby approves the sum of $925,000 for the payment of Plaintiffs' attorneys' fees and expenses, and finds that the fees and expenses is fair and reasonable. No other fees, costs, or expenses may be awarded to Plaintiffs' Counsel in connection with the Settlement. The fees and expenses shall be distributed in accordance with the terms of the Stipulation.

14. State Plaintiff Carol Truglio and Federal Plaintiff Warren Drabek are each hereby awarded a service award in the amount of $1,500 to be funded solely from the fees and expenses.

- 3 -

[PROPOSED] ORDER AND FINAL JUDGMENT

15.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the parties with respect to implementation and enforcement of the terms of the Stipulation and this Judgment pursuant to California Rule of Court 3.769(h).

16.     This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk.

**JUDGMENT IS HEREBY ENTERED**


DATED: _____     _____

THE HONORABLE BRAD SELIGMAN
JUDGE OF THE SUPERIOR COURT

[PROPOSED] ORDER AND FINAL JUDGMENT

EXHIBIT 2



Robert S. Green (State Bar No. 136183)
James Robert Noblin (State Bar No. 114442)
Lesley E. Weaver (State Bar No. 191305)
**GREEN & NOBLIN, P.C.**
700 E. Larkspur Landing Circle, Ste. 275
Larkspur, CA 94939
Telephone: (415) 477-6700
Facsimile: (415) 477-6710

Attorneys for Plaintiff Carol Truglio

**FILED**
ALAMEDA COUNTY

AUG 2 1 2017

CLERK OF THE SUPERIOR COURT
By _____
Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| CAROL TRUGLIO, Derivatively on Behalf of DYNAVAX TECHNOLOGIES CORP., | Case No. RG13686266 |
| Plaintiff, | **[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |
| v. | |
| ARNOLD L. ORONSKY, FRANCIS R. CANO, DENNIS A CARSON, DINO DINA, DENISE M. GILBERT, EDDIE GRAY, DANIEL L. KISNER, J. TYLER MARTIN, PEGGY V. PHILLIPS, MARK KESSEL, AND STANLEY A. PLOTKIN, | |
| Defendants, | |
| -and- | |
| DYNAVAX TECHNOLOGIES CORPORATION, | Date Action Filed: July 3, 2013 |
| Nominal Defendant. | |

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

1    WHEREAS, the above-captioned shareholder derivative action is pending before the Court

2 (the "Action");

3    WHEREAS, a related shareholder derivative action is pending before the U.S. District Court

4 for the Northern District of California, captioned *Drabek v. Dina*, Case No. 13CV3705 (the

5 "Federal Derivative Action");

6    WHEREAS, on May 18, 2015, Raymond Hersh, a current owner of Dynavax Technologies

7 Corp. ("Dynavax" or the "Company") common stock, issued a stockholder demand pursuant to

8 Delaware law to investigate the alleged breaches of fiduciary duties and other alleged violations of

9 law (the "Stockholder Demand," collectively with the Action and the Federal Derivative Action,

10 the "Derivative Actions");

11    WHEREAS, the Plaintiffs have made an unopposed motion for an order preliminarily

12 approving the proposed Settlement of the Derivative Actions in accordance with the Second

13 Amended Stipulation of Settlement dated August 16, 2017 (the "Stipulation"), which together with

14 the exhibits annexed thereto, sets forth the terms and conditions for the proposed Settlement of the

15 Derivative Actions, and for entry of the Order and Judgment of Final Approval;

16    WHEREAS, the Court having: (i) read and considered Plaintiffs' Unopposed Motion for

17 Preliminary Approval of Shareholder Derivative Settlement together with the accompanying

18 Memorandum of Points and Authorities; (ii) read and considered the Stipulation, as well as all the

19 exhibits attached thereto; and (iii) heard and considered arguments by counsel for the Settling

20 Parties in favor of preliminary approval of the Settlement;

21    WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Settlement

22 falls within the range of possible approval criteria, as it provides a substantial beneficial result for

23 Dynavax and its shareholders and appears to be the product of good faith, informed, and non-

24 collusive negotiations between experienced and able counsel for the Settling Parties;

25    WHEREAS, the Court also finds, upon a preliminary evaluation, that Dynavax shareholders

26 should be apprised of the Settlement through the proposed form of notice, allowed to file objections,

27 if any, thereto, and appear at the Settlement Hearing; and

28

- 1 -

[PROPOSED] ORDER PRELIMINARY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, except as otherwise expressly provided herein, all capitalized terms shall have the same meanings and/or definitions as set forth in the Stipulation.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.      This Court preliminarily approves the Settlement as set forth in the Stipulation as being fair, reasonable, and adequate.

2.      Within ten (10) business days after the entry of this Preliminary Approval Order, Dynavax shall, at its own cost: (i) cause a copy of the Summary Notice, substantially in the form of Exhibit D to the Stipulation, to be published once in the *Investor's Business Daily*; (ii) post a link to the Notice and Stipulation on the Company's Investor Relations page of its website until the Judgment is entered; and (iii) file a Form 8-K with the SEC that includes the Notice, which shall refer shareholders to the Investor Relations page of Dynavax's website for more information.

3.      Within ten (10) business days after the entry of this Preliminary Approval Order, the law firms of Federman & Sherwood, Robbins Arroyo LLP, and The Shuman Law Firm shall : (i) post copies of the Notice and Stipulation on their respective websites; and (ii) issue a press release publishing the Notice via a news wire service.

4.      No later than fourteen (14) calendar days prior to the Settlement Hearing, Defendants shall file with the Court and serve an appropriate affidavit or declaration with respect to filing and posting the Stipulation, Notice, and Summary Notice, and Plaintiffs' Counsel shall file with the Court and service an appropriate affidavit or declaration with respect to posting the Notice and Stipulation and publishing the Notice via a news wire service.

5.      The Court finds that the form, substance, and dissemination of information regarding the proposed Settlement in the manner set out in this Preliminary Approval Order constitutes the best notice practicable under the circumstances and complies fully with California law and due process.

6.      A hearing shall be held on October 17, 2017 at 3:00 p.m., before the Honorable Brad Seligman, Department 30 in the Superior Court of the State of California, Alameda County, located at U.S. Post Office Building, 201 Thirteenth Street, Oakland, CA 94613, (the "Settlement

- 2 -

Hearing"), at which the Court will determine: (i) whether the terms of the Stipulation should be approved as fair, reasonable, and adequate; (ii) whether the Notice and Summary Notice fully satisfied the requirements of California law and the requirements of due process; (iii) whether the Order and Judgment of Final Approval should be entered ; (iv) whether all Released Claims against the Released Persons should be fully and finally released; (v) whether the agreed-upon fees and expenses should be approved; (vi) whether Service Awards to Plaintiffs should be approved; and (vi) to rule upon such other matters as the Court may deem appropriate.

7.      The Court reserves: (i) the right to approve the Settlement, with such modifications as may be agreed to by counsel for the Settling Parties consistent with such Settlement, without further notice to Current Dynavax Shareholders; and (ii) the right to continue or adjourn the Settlement Hearing from time to time, by oral announcement at the hearing or at any adjournment thereof, without further notice to Current Dynavax Shareholders.

8.      Any Current Dynavax Shareholders may appear and show cause, at their own expense, individually or through counsel, if he, she, or it has any reason why the Settlement embodied in the Stipulation should not be approved as fair, reasonable, and adequate, or why the Judgment should or should not be entered hereon, or the agreed-upon fees and expenses or the Service Awards should not be awarded.  All written objections, supporting papers and/or notices of intent to appear at the Settlement Hearing must:

(a)     clearly identify the case name and number (*Truglio v. Oronsky*, Case Number RG13686266);

(b)     include such Person's name, address, and telephone number;

(c)     include such Person's account statement evidencing that you held shares of Dynavax common stock as of May 19, 2017;

(d)     contain a statement of objections to any matters before the Court, the grounds therefore, or the reasons for such Person desiring to appear and be heard, as well as all documents or writings such Person desires the Court to consider

- 3 -

(e)   the identities of any witnesses such Person plans on calling at the Settlement

Hearing, along with a summary description of their likely testimony;

(f)   be submitted to the Court either by mailing the objection to: Clerk of Court,

Superior Court of California, County of Alameda, Rene C. Davidson Alameda County Courthouse,

1225 Fallon Street, Oakland, California 94612, or by filing in person at any location of the Superior

Court, County of Alameda that includes a facility for civil filings;

(g)   be mailed to both law firms identified:

> **Counsel for Plaintiffs**
> William B. Federman,
> Federman & Sherwood
> 10205 N. Pennsylvania Ave.
> Oklahoma City, OK 73120
>
> **Counsel for Defendants:**
> Jeffrey M. Kaban
> Cooley, LLP
> 3175 Hanover St.
> Palo Alto, CA 94304

(h)   be filed or postmarked on or before October 3, 2017.

9.   Any Person or entity who fails to object or otherwise request to be heard in the manner

prescribed above will be deemed to have waived the right to object to any aspect of the Settlement or

otherwise request to be heard (including the right to appeal) and will be forever barred from raising

such objection or request to be heard in this or any other action or proceeding.

10.   Any Current Dynavax Shareholders who do not make an objection in the manner

provided herein shall be deemed to have waived any such objection and shall forever be foreclosed

from making any objection to the fairness, reasonableness or adequacy of the Settlement, unless

otherwise ordered by the Court, but shall be otherwise bound by the Judgment to be entered and the

releases to be given.

11.   Not later than twenty-one (21) calendar days prior to the Settlement Hearing, all

briefs supporting the Settlement shall be served and filed.  A response to objections, if any, shall be

served and filed no later than seven (7) calendar days prior to the Settlement Hearing.

- 4 -

12.     All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.

13.     Pending final determination of whether the Settlement should be approved, no Dynavax shareholder, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

14.     This Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Current Dynavax Shareholders.

15.     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties or any other Person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing, or liability of the Settling Parties or Released Persons, or of the validity of any Released Claims; or (ii) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative, other than to enforce the terms therein.

**IT IS SO ORDERED.**

DATED: _8/21/17_ 

_____
THE HONORABLE BRAD SELIGMAN
JUDGE OF THE SUPERIOR COURT

[PROPOSED] ORDER PRELIMINARY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE